RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA 3: 57

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JOHNCO MATERIALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) CV-06- |
| | ) 2:06CV 993-10 |
| CONRAD YELVINGTON | ) |
| DISTRIBUTORS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the plaintiff in the above-styled cause, and for complaint

against the defendant makes the following averments and states the

following causes of action:

### Parties

1.    The plaintiff is a corporation organized and existing under the

laws of the State of Alabama, with its principal place of business in

Lowndes County, Alabama.


2.    The defendant is corporation which, on information and belief,

is organized and existing under the laws of the State of Florida, with its principal place of business in Volusia County, Florida.

## Jurisdiction and Venue

3.    The plaintiff pleads causes of action arising under the statutory and common law of the State of Alabama.    Further, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  Jurisdiction is proper in this Court under 28 U.S.C. §1332.


4.    All actions, conduct, and omissions occurred in Lowndes County, State of Alabama.  Venue of this action is proper in this Court.

## **Statement of Facts**

5.    On or about the 28th day of April 2004, the plaintiff and the defendant entered into a contract, viz: "Supply Agreement" (hereinafter, "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference as if fully set out hereafter.

6.    Under the Agreement, the plaintiff agreed to construct a mining facility in Lowndes County, Alabama for the production of to-wit: No. 67 concrete gravel. The plaintiff invested approximately four million ($4,000,000) dollars in capital expenses to build and place into operation said facility, in reliance upon the exchange of promises memorialized in the Agreement. The plaintiff avers that it bought real property, built a dredge, constructed a plant and railroad spur, and staffed the facility in reliance upon the Agreement.

3

7.    The defendant agreed, following commencement of mining and grading of gravel by the plaintiff, to purchase quantities of No. 67 concrete gravel at a rate of approximately 5,200 tons per week, to be loaded F.O.B. on defendant's rail cars at the plaintiff's plant site.

8.    The defendant agreed to purchase said gravel at a rate of $5.25 per ton.  The price per ton was to remain fixed for twenty-four (24) months from April 28, 2004, thereafter to be increased by five (5%) percent after April 28, 2006; by two-and-one-half (2.5%) percent on April 28, 2007; and again by two-and-one-half (2.5%) percent on April 28, 2008.

9.    Plaintiff commenced mining and grading in March 2006.  At all times relevant to this complaint, the plaintiff was ready, willing and able to perform under the Agreement, and did perform fully under the Agreement, and has complied with all provisions of the Agreement.

4

10.     Subsequent to March 1, 2006, the plaintiff produced and the defendant took the following quantities of No. 67 concrete gravel:

| | | |
|---|---|---|
| 1. | May 11, 2006: | 6,000 tons |
| 2. | June 27, 2006: | 2,000 tons |
| 3. | August 8, 2006: | 6,000 tons |
| 4. | August 21, 2006: | 6,000 tons |
| 5. | September 7, 2006 | 6,000 tons |
| 6. | September 25, 2006: | 6,000 tons |
| | | **32,000 tons** |

11.     Therefore, for the 28 weeks beginning in March 2006 when plaintiff commenced mining and grading, and through October 1, 2006, defendant was to have purchased and taken 145,600 tons of gravel. Defendant during said period actually purchased and took 32,000 tons of gravel.

12.     In October 2006, the plaintiff was forced to cease operations due to financial constraints placed on plaintiff's operations by reason of defendant's failure to perform.

5

## **Count One**

13.    The plaintiff adopts and incorporates the allegations of the preceding paragraphs of the complaint as if fully set out hereafter.

14.    The defendant has breached the contract between the parties, by failing to perform under the Agreement, viz: the defendant failed to purchase and take gravel in the quantities specified and anticipated under the Agreement, and with the frequency specified and anticipated in the Agreement.

15.    The defendant's breach of the contract has proximately resulted in damage and injury to the plaintiff, viz:

      A.    The plaintiff is entitled to the value of No. 67 gravel which the defendant should have purchased and taken between March 1, 2006 and October 1, 2006 but did not in fact purchase and take, to-wit: $729,960.00.[1]

---

[1]Plaintiff is entitled to $218,400.00, or the value of 41,600 tons for 8 weeks from March 1 to April 28, 2006, at the original contract rate of $5.25 per ton. Plaintiff is further entitled to $511,560, or the value of 124,800

B.     The plaintiff is entitled to benefit of its bargain as to
prospective sales under the contract, in the amount of
$4,234,500, for 150,000 tons contracted for annually
through the Agreement term of May 11, 2011.

C.     The plaintiff is entitled to contractual damages in the
amount of $4,000,000 dollars to build and place into
operation the Lowndes County facility, consisting of
real property, building of a dredge, construction of a
plant and railroad spur, and the staffing of the facility in
reliance upon the Agreement.

WHEREFORE PREMISES CONSIDERED, the plaintiff prays for a

judgment of compensatory damages in the amount of $8,964,460.00, or such

amount as a jury might find just, and for such other and further legal and/or

equitable relief to which the plaintiff may be entitled in the premises.

---

tons for 24 weeks from April 28, 2006 to October 1, 2006 at the rate of $5.51 per ton, less the 32,000 tons actually
purchased and taken by the defendant from May 11, 2006 to September 25, 2006.

_____
Benjamin E. Baker, Jr. (BAK025)

*OF COUNSEL:*

BEASLEY, ALLEN, CROW, METHVIN,
    PORTIS & MILES, P.C.
218 Commerce St
Montgomery, AL 36104
(334) 269-2343


\* \* \* \*


H. Gregory Pearson (PEA017)
Charles E. Harrison (HAR124)

*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
    & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

8