UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 OCT 11  A 10: 25

JOHNCO MATERIALS, INC.,

    Plaintiff,

vs.

Case No.: 2:06CV993-ID

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

    Defendant.
_____/

### MOTION TO QUASH NON-PARTY SUBPOENA DUCES TECUM (WITH INCORPORATED MEMORANDUM OF LAW)

COMES NOW, READY MIX USA, INC and READY MIX USA, LLC, non-parties, by and through the undersigned attorney, pursuant to Fed.R.Civ.P. 45, and respectfully request this Court for an Order to quash the Non-party Subpoena Duces Tecum, and would show the Court as follows:

FACTUAL BACKGROUND

1.) On or about September 17, 2007, the United States District Court for the Middle District of Alabama issued, through counsel for Defendant, a non-party subpoena duces tecum in the above-captioned case. See A copy of subpoena duces tecum is attached hereto as Exhibit "A".

2.) The subpoena duces tecum commands "USA Ready Mix" to produce and permit inspection and copying of documents at the location of Defendant's counsel in Daytona Beach, Volusia County, Florida on October 17, 2007, at 10:00 A.M.

3.) On or about September 28, 2007, the subpoena duces tecum was delivered by

1

certified mail to an office location of READY MIX USA, INC and READY MIX USA, LLC at the following address: 1550 McFarland Boulevard, Tuscaloosa, AL 35406.

4.) READY MIX USA, INC is an Alabama corporation with its principal place in Tuscaloosa, Alabama. READY MIX USA, LLC is a Delaware corporation with its principal place of business in Birmingham, Alabama.

5.) Business records and documents of READY MIX USA, INC are principally located in Tuscaloosa, Alabama; and Business records and documents of READY MIX USA, LLC are principally located in Birmingham, Alabama. See Affidavit of Scott Phelps ¶¶ 5-6, attached hereto as Exhibit "B".

6.) Furthermore, any additional business records and documents that may be responsive to said subpoena duces tecum, to the extent the same exist, would be located in Dothan, Alabama. See id ¶ 7.

7.) READY MIX USA, INC and READY MIX USA, LLC respectfully request that this Court enter an Order quashing the subpoena duces tecum and state that said subpoena is deficient and in violation of Fed.R.Civ.P. 45 for the following reasons:

    a.) A non-party cannot be compelled by the issuing District Court to produce documents outside the geographic limitations of Fed.R.Civ.P. 45;

    b.) The issuing District Court cannot issue a subpoena duces tecum to a non-party for production of documents located in another District.

    c.) The subpoena duces tecum is overly broad in scope and time thereby creating an undue burden;

    d.) The subpeona duces tecum fails to identify the corporate entity in which the production request is commanded and, in fact, lists an unknown corporate entity; and

2

e.) The subpoena duces tecum lists the wrong/incorrect civil action number and does not state the court or division in which this action is pending.

8.) For the aforementioned reasons, READY MIX USA, INC and READY MIX USA, LLC request an Order quashing the said subpoena duces tecum.

9.) Pursuant to Local Rule 83.1(b), undersigned counsel for READY MIX USA, INC and READY MIX USA, LLC has submitted his Motion for Admission Pro Hac Vice contemporaneously with this instant Motion.

**WHEREFORE,** READY MIX USA, INC and READY MIX USA, LLC pray this Court for an Order quashing the non-party Subpoena Duces Tecum and for any other relief this Court deems necessary and proper.

INCORPORATED MEMORANDUM OF LAW

According to Rule 45(a)(2), a subpoena duces tecum shall issues as follows: "for production, inspection, copying, testing, or sampling, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed.R.Civ.P. 45(a) (2007). Therefore, "in order to assure production of documents from a nonparty witness, the subpoena should command production in the district court where the witness resides or where the headquarters of the witness are located." Highland Tank & MFG, Co. v. PS International, Inc., 227 F.R.D. 374, 379 (W.D. Pa. 2005). Likewise, "[a] district court cannot issue a subpoena duces tecum to a nonparty for the production of documents located in another district." Anderson v. Government of Virgin Islands, et al., 180 F.R.D. 284, 289 (D. Virgin Islands 1998). Additionally, Rule 45 mandates that "a nonparty can only be compelled by an issuing court to produce documents within certain geographic limitations, usually no more than 100 miles from the nonparty's location." Highland

3

Tank & MFG, Co., 227 F.R.D. at 380.

In said subpoena duces tecum, READY MIX USA, INC is an Alabama corporation with its principal place in Tuscaloosa, Alabama. READY MIX USA, LLC is a Delaware corporation with its principal place of business in Birmingham, Alabama. Neither corporate entity is located within the issuing Court's district, the Middle District of Alabama. In fact, both corporate entities are located within the United States District Court for the Northern District of Alabama. Additionally, the subpoena duces tecum was delivered to an office in Tuscaloosa, Alabama which is also located within the Northern District. Furthermore, business records and documents of READY MIX USA, LLC are principally located in Birmingham, Alabama; and, Business records and documents of READY MIX USA, INC are principally located in Tuscaloosa, Alabama. See Affidavit of Scott Phelps ¶¶ 5-6, attached hereto as Exhibit "B". Again, these locations are located within the Northern District of Alabama.

Moreover, the subpoena duces tecum commands the recipient (possibly READY MIX USA, LLC or READY MIX USA, INC) to produce documents for inspection and copying at the offices of Defendant's counsel in Daytona Beach, Volusia County, Florida, which is outside the issuing Court's jurisdiction and well beyond the 100 mile geographical limitation under Rule 45. See Anderson, 180 F.R.D. at 290 (holding "counsel cannot direct the recipient of a subpoena to produce documents to a place outside the geographic limitations of Rule 45.").

Furthermore, the subpeona duces tecum is deficient for another reason. The production of documents request is overly broad in scope and time, thereby creating an undue burden. See Fed.R.Civ.P. 45(c) (2007). According to federal courts, "[t]hese documents must be sufficiently described in the subpoena . . . . [o]therwise, an overly broad subpoena may be subject to a motion to quash as it imposes an undue burden on the subpoenaed party." Highland Tank &

4

MFG, Co., 227 F.R.D. at 379. In the case at bar, the subpoena duces tecum commands production of:

> Any and all documents that in any way pertain to Johnco Materials, Inc., including but not limited to any and all files, contracts, notes, memoranda, electronic mail or correspondence between USA Ready Mix and/or any current or former member of Johnco Materials, Inc. This request is limited to the time period of January 1, 2004, to the present time.

Exhibit "A". In other words, the subpoena duces tecum demands every document imaginable pertaining to Johnco Materials, Inc for any matter, case, or subject since January 1, 2004, and does not accurately or correctly identify which corporation to whom the request is commanded. This document request is overly broad in time and scope and the same would create an undue burden on either READY MIX USA, INC or READY MIX USA, LLC.

Lastly, Rule 45 requires the non-party subpoena duces tecum to identify the civil action number and each person (or corporate entity) in which the subpoena is directed. See Fed.R.Civ.P. 45(a) (2007). In said subpoena duces tecum, the wrong and incorrect civil action number was listed and the subpeona duces tecum was issued to a corporate entity that does not exist but rather similar in name to six corporations registered in Alabama. With the wrong civil action number, READY MIX USA, INC and READY MIX USA, LLC are unable to identify the court, division or judge from the face of the subpoena, which is the purpose behind Rule 45; and, it is still unknown exactly which corporate entity was commanded to produce documents. There is no excuse for not correctly identifying the corporation or at least identifying a registered corporate entity, as a simply online search on the webpage of the Secretary of State for the State of Alabama would provide such information. Due to this deficient subpoena duces tecum, READY MIX USA, INC and READY MIX USA, LLC were forced to retain counsel to protect their rights from an abuse of subpoena powers.

In conclusion, federal courts have held that "[a]lthough these defects may seem merely procedural in nature, they are the safeguards mandated by Rule 45 that are intended to prevent the abuse of the subpoena powers . . . [and] designed to protect those receiving the subpoenas, especially those who are not parties to the litigation." Anderson, 180 F.R.D. at 291. For the aforementioned reasons, this Honorable Court must quash the attached subpoena duces tecum.

        RAYMOND P. OLDACH, JR.
        Florida Bar No.: 15580
        U.S. Florida. N.D. Bar No.: 15580
        *McDonald, Fleming, Moorhead*
        25 West Government Street
        Pensacola, FL 32502
        (850) 477-0660
        (850) 477-4510 (facsimile)
        rpoldach@pensacolalaw.com
        Attorney for Non-Parties, READY MIX USA, INC.
        and READY MIX USA, LLC

## CERTIFICATE OF SERVICE

I, Raymond P. Oldach, Jr., do hereby Certify that a true and correct copy of the foregoing has been furnished by U.S. Mail and facsimile transmittal to Attorney for Defendant, Thomas J. Leek, P.O. Box 2491, Dayton Beach, FL 32115; Attorneys for Plaintiff, Charles E. Harrison and Harold G. Pearson, 601 Greensboro Ave., Ste 600, Tuscaloosa, AL 35401, on this 10th day of October, 2007.

        Raymond P. Oldach, Jr.

Issued by the
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| JOHNCO MATERIALS, INC., | SUBPOENA IN A CIVIL CASE |
|---|---|
| Plaintiff, | CASE NO.: CV-06-2:06CV993-10 |
| vs. | |
| CONRAD YELVINGTON DISTRIBUTORS, INC., | |
| Defendant. | |

TO: USA Ready Mix
Attn: Scott Phelps
The Green Group
1550 McFarland Boulevard
Tuscaloosa, AL 35406

_____ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

_____ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

__X__ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below

**SEE ATTACHED EXHIBIT "A"**

| PLACE<br>Cobb & Cole, 150 Magnolia Avenue, Daytona Beach, Florida 32115. | DATE AND TIME<br>October 17, 2007 at 10:00 a.m. |
|---|---|

_____ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

**EXHIBIT "A"**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature], Attorney for defendants | September 17, 2007 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Thomas J. Leek, Esquire, Cobb & Cole, P.O. Box 2491, Daytona Beach, FL 32115; Telephone 386-323-9210

## PROOF OF SERVICE

DATE _____   PLACE _____

SERVED

Served on (print name): _____
Manner of service: _____

Served by (print name): _____
Title: _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
Signature of Server

_____
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the parry in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit A

Any and all documents that in any way pertain to Johnco Materials, Inc., including but not limited to any and all files, contracts, notes, memoranda, electronic mail or correspondence between USA Ready Mix and/or any current or former member of Johnco Materials, Inc. This request is limited to the time period of January 1, 2004, to the present time.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JOHNCO MATERIALS, INC.,

    Plaintiff,

vs.

Case No.: 2:06CV993-ID

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

    Defendant.
_____/

### AFFIDAVIT OF SCOTT PHELPS

COUNTY OF TUSCALOOSA
STATE OF ALABAMA

    BEFORE ME, the undersigned Notary Public, in and for the County and State aforesaid, personally appeared SCOTT PHELPS, who, being by me first duly sworn, deposes and says:

    1.    Affiant is Vice President and Secretary for both READY MIX USA, LLC and READY MIX USA, INC, is over the age of twenty-one (21), has personal knowledge of the matters set forth herein, and is competent to testify thereto.

    2.    On or about September 28, 2007, a Subpoena Duces Tecum was received by certified mail to Affiant's office address in Tuscaloosa, Alabama.

    3.    Both READY MIX USA, LLC and READY MIX USA, INC are non-parties to the above-captioned action.

    4.    Said Subpoena Duces Tecum was addressed to "USA Ready Mix" and to the attention of Affiant. USA Ready Mix is not a recognized corporate entity and it is unknown to which corporate entity the Subpoena Duces Tecum was directed. A true and accurate copy of the Subpoena Duces Tecum is attached hereto as Exhibit "A".

**EXHIBIT "B"**

5. Business records and documents of READY MIX USA, LLC are principally located in Birmingham, Alabama.

6. Business records and documents of READY MIX USA, INC are principally located in Tuscaloosa, Alabama.

7. Any other business records and documents that may be responsive to said Subpoena Duces Tecum to the extent the same exist would be located in Dothan, Alabama.

8. Said Subpoena Duces Tecum commands "USA READY MIX" to produce and permit inspection and copying of the requested documents in Daytona Beach, Volusia County, Florida on October 17, 2007 at 10:00 a.m.

FURTHER AFFIANT SAITH NOT.

_____
Name: Scott Phelps
Title: Vice President and Secretary of READY MIX USA, LLC AND READY MIX USA, INC.

The foregoing instrument was sworn to and subscribed before me this 9th day of October, 2007, by Scott M. Phelps who is personally known to me.

_____
(Signature of Notary Public)
Print Name: Melissa B. Foster
Notary for State of Alabama
My Commission Expires: 9-10-2011
Commission Number: _____

Issued by the
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| JOHNCO MATERIALS, INC., | SUBPOENA IN A CIVIL CASE |
|---|---|
| Plaintiff, | CASE NO.: CV-06-2:06CV993-10 |

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

Defendant.

TO:  USA Ready Mix
Attn: Scott Phelps
The Green Group
1550 McFarland Boulevard
Tuscaloosa, AL 35406

_____ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

_____ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

__X__ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below

SEE ATTACHED EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Cobb & Cole, 150 Magnolia Avenue, Daytona Beach, Florida 32115. | October 17, 2007 at 10:00 a.m. |

_____ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]*, Attorney for defendants | DATE September 17, 2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER Thomas J. Leek, Esquire, Cobb & Cole, P.O. Box 2491, Daytona Beach, FL 32115; Telephone 386-323-9210 | |

## PROOF OF SERVICE

DATE _____  PLACE _____

SERVED

Served on (print name): _____
Manner of service: _____

Served by (print name): _____
Title: _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
                                                                          Signature of Server

                                                                          _____
                                                                          Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.
(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the parry in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit A

Any and all documents that in any way pertain to Johnco Materials, Inc., including but not limited to any and all files, contracts, notes, memoranda, electronic mail or correspondence between USA Ready Mix and/or any current or former member of Johnco Materials, Inc. This request is limited to the time period of January 1, 2004, to the present time.