# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JOHNCO MATERIALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **vs.** | ) | **2:06cv993-ID** |
| | ) | |
| **CONRAD YELVINGTON** | ) | |
| **DISTRIBUTORS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MOTION TO STRIKE</u>

Comes now Johnco Materials, Inc., the plaintiff in the above-styled cause, and respectfully moves this Honorable Court to strike the following:

A.      Notice of Filing Documents In Support Of Defendant, Conrad Yelvington Distributors, Inc. Reply To Plaintiff's Response In Opposition To Motion For Partial Summary Judgment [Doc 39].

B.      Defendant's Reply Brief To Plaintiff's Response In Opposition To Defendant's Motion For Partial Summary Judgment [Doc. 38], to the extent that such Reply Brief cites impermissibly to evidence filed after this Court's scheduling deadline.

In support of its Motion to Strike, the plaintiff would show this Court as follows:

1.     That this Court on January 12, 2007 entered a Uniform Scheduling Order ("Scheduling Order") [Doc. 15].  Section 2 of said Scheduling Order required dispositive motions to be filed by October 15, 2007, and states in pertinent part:

> Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than October 15, 2007.  *A brief and all supporting evidence shall be filed with any such motion.*  In all briefs filed by any party relating to the motion, <u>the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document</u>.  Failure to make such specific reference will result in the evidence not being considered by the court.[1]

---

[1]While plaintiff does not move to strike on this basis, the plaintiff would point out that defendant's Motion for Partial Summary Judgment failed to meet the specificity required by the Scheduling Order in that none

[Doc. 15, p. 1, § 2] (emphasis by underscore original; emphasis in italics added).

2.      That after the filing by defendant of its Motion for Partial Summary Judgment, this Court on October 16, 2007 issued an Order directing the plaintiff to respond by October 30, 2007, and permitting the defendant to "file a reply, if desired, on or before November 6, 2007" [Doc.35, p. 1].  The Court did not permit further evidentiary submission by the defendant as moving party.

3.      On November 6, 2007, the defendant filed "Defendant's Reply Brief To Plaintiff's Response In Opposition To Defendant's Motion For Partial Summary Judgment" [Doc. 38].   Concurrent with its Reply Brief, defendant also filed "Notice of Filing Documents In Support Of Defendant, Conrad Yelvington Distributors, Inc. Reply To Plaintiff's Response In

_____

of defendant's references to deposition testimony specifically referred to line where the evidence could be found.

Opposition To Motion For Partial Summary Judgment" [Doc 39], attaching

new evidence in support of its Motion for Partial Summary Judgment,

which new evidence had not been filed by the October 15, 2007 deadline

mandated by the Scheduling Order.

4.    The evidence filed by defendant consists of deposition

testimony taken on July 5, 2007 and July 24, 2007; of FED.R.CIV.P.

26(A)(1) disclosures of January 17, 2007; and the report of defendant's

expert witness disclosed on September 25, 2007.  All of this evidence was

available to the defendant at the time of the filing of its Motion for Partial

Summary Judgment on October 15, 2007.

5.    While the evidence now cited by the defendant does no more

than deepen the factual dispute that already dooms defendant's Motion for

Partial Summary Judgment, it is nonetheless unfairly prejudicial to the

plaintiff for the defendant to be permitted to submit new evidence after the

plaintiff has responded to the defendant's motion in accordance with the Court's order.

WHEREFORE PREMISES CONSIDERED, the plaintiff moves to strike all evidence submitted by the defendant except that submitted in connection and concurrent with its October 15, 2007 Motion for Partial Summary Judgment, and the to strike the Reply Brief to the extent that it relies upon such improperly submitted evidence.

Respectfully submitted,

s/ H. Gregory Pearson
H. Gregory Pearson (ASB-4733-S81H)
Attorney For Plaintiff
email: greg@jphj.net

Charles E. Harrison (ASB-9408-N70C)
Attorney For Plaintiff
email: chuck@jphj.net

5

*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
   & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to FED.R.CIV.P. 5(e) and the Administrative Procedures For Filing, Signing, And Verifying Pleadings and Documents In The District Court Under the Case Management/Electronic Case Files (CM/ECF) System In Civil Cases [General Order No. 2:04-mc-3164], I do hereby certify that I have electronically filed the foregoing Motion to Strike with the Clerk of the Court by uploading same to the Court's CM/ECF web site at http://www/almd.uscourts.gov, which will send notification of such filing to the following:

Charles A. Stewart III, Esq.
Angela R. Rogers, Esq.
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery Alabama 36104

6

Thomas J. Leek, Esq
COBB & COLE
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first-class postage prepaid and affixed this document to the following non-CM/ECF participants:

[none]

This the 7th day of November 2007.

Charles E. Harrison (ASB-9408-N70C)

7