IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

JOHNCO MATERIALS, INC.,                    CASE NO.: CV-06-2:06CV993-ID-SRW

      Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

      Defendant.

_____ /

**DEFENDANT, CONRAD YELVINGTON DISTRIBUTORS, INC.,**
**MOTION FOR ENLARGEMENT OF TIME TO TAKE DEPOSITIONS PENDING**
**COURT ORDER RESOLVING DISCOVERY DISPUTES AND**
**MOTION TO COMPEL DEPOSITION OF CORPORATE REPRESENTATIVE**

Defendant, CONRAD YELVINGTON DISTRIBUTORS, INC. ("CYDI"), moves the

Court pursuant to Fed.R.Civ.P. 37(a) and 30(b)(6), for an Order a) enlarging the time to take the

take the depositions of non-party, Dunn Construction Co., Inc. ("Dunn") and the corporate

representative of plaintiff, JOHNCO MATERIALS, INC. ("Johnco") regarding its relationship

with Dunn Construction Co., Inc. to thirty (30) days after such time as the Court should rule on

Johnco's Motion to Quash Civil Subpoena as to Dunn, and b) compelling Johnco to produce its

corporate representative for deposition as described herein.

## Background

On or about April 16, 2004, Johnco and CYDI entered into the Supply Agreement for No.

67 gravel attached to the Complaint as Exhibit "A." On November 1, 2006, Johnco initiated this

litigation against CYDI for breach of contract, alleging that Johnco was at all times ready,

willing, and able to comply with the Supply Agreement, but CYDI refused to purchase the

requisite quantities of No. 67 gravel. Complaint, ¶13-15. Johnco is seeking in excess of $8

{034542-058 : KWEST/KWEST : 00540571.DOC; 2}

million in damages from CYDI, including lost profits (less expenses) from the sale of No. 67 gravel and other byproducts and the cost of purchasing the real property, constructing the mining facility and railroad spur, along with expenses related to the purchase of mining equipment. Complaint, ¶15. Johnco's gravel-mining operations, profits, and expenses are material issues in Johnco's affirmative case and CYDI's defenses thereto.

CYDI filed a counterclaim against Johnco for breach of contract, alleging that Johnco breached the Supply Agreement by failing to deliver the requisite quantities of No. 67 gravel. Answer and Counterclaim, ¶8. Among its affirmative defenses to Johnco's Complaint, CYDI asserted the following: "Plaintiff failed to sufficiently mitigate the damages alleged." Answer and Counterclaim, Second Affirmative Defense. Johnco's attempts, if any, to mitigate its damages by selling No. 67 gravel or any other products of the mining operations are a material issue in CYDI's second affirmative defense.

At various times during this litigation, Johnco has provided CYDI with conflicting information regarding its current business operations, if any. James "Ben" Johnston, one of the founders of Johnco, testified in July 2007 that Johnco was currently operating and mining sand and No. 57 gravel, as did current owner, Clatus Junkin. Deposition Transcripts of James Benjamin Johnston (hereinafter referred to as "Ben Johnston Transcript") 13:13-55; Deposition Transcripts of Clatus Junkin (hereinafter referred to as "Clatus Junkin Transcript"). Mr. Johnston further testified that Johnco was preparing to provide No. 57 gravel to Dunn to be crushed for use in asphalt. Ben Johnston Transcript 14:23; 15:1-19. Without objection, counsel for CYDI asked a series of questions about Johnco's relationship with Dunn. Mr. Johnston was unable to advise, however, whether there was a contract in place between Dunn and Johnco or

2

how much gravel Dunn intended to purchase annually from Johnco.  Ben Johnston Transcript 60:12-23.

In contrast, in its response to the plaintiff's second set of interrogatories, Johnco stated, in part, "plaintiff has not been in operation during the year 2007 in the same manner as prior to the defendant's material breach…"   Plaintiff's Answers to Defendant's Second Set of Interrogatories, ¶12, served on or about October 2, 2007.   Johnco is apparently taking the position that producing and selling No. 57 gravel is completely unrelated to producing and selling No. 67 gravel.   Mr. Johnston testified otherwise.

No. 57 gravel is comprised of somewhat larger rocks than No. 67 gravel, but it also includes No. 67 gravel.  Ben Johnston Transcript 60:3-11.  In other words, No. 57 gravel contains No. 67 gravel plus "some big stuff added on top of it," to use Mr. Johnston's description. Ben Johnston Transcript 60:3-11.  Additionally, Mr. Clatus Junkin, current owner of Johnco, testified the process of producing No. 57 gravel utilized by Johnco required that "all of the 67 will go into the 57".  Clatus Junkin Transcript 72:15-22. Therefore, Johnco's production and sale of No. 57 gravel is in place of the production and sale of No. 67 gravel.  Mr. Junkin further testified, "Dunn, I don't have any problem telling you who Dunn is.  Dunn is someone over in Mississippi that we possibly could maybe work out an agreement to supply material to." Clatus Junkin Transcript 187:8-13.

## Procedural History

On November 30, 2007, CYDI served by hand delivery on counsel for Johnco a Notice of Taking 30(b)(5) and (6) Deposition (the "Notice").  A copy of the Notice is attached hereto as Exhibit "A."   The Notice requested testimony from a corporate representative, pursuant to Fed.R.Civ.P. 30(b)(6), and documents, pursuant to Fed.R.Civ.P. 30(b)(5), on subjects including

3

Johnco's relationship with Dunn; any negotiations between Johnco and any railroads or related services between January 2007 and the present time related to Johnco's sales of gravel or other products; Johnco's mining processes (past and current); Johnco's fuel needs (past and anticipated for the next five years); and Johnco's equipment use and needs (past and anticipated). Johnco identified Clatus Junkin as the individual with knowledge of the topics identified in the Notice. Johnco tentatively agreed to produce Mr. Junkin for deposition on Thursday, December 20, 2007.

On December 14, 2007, Johnco served its Objection to Notice of Deposition, with regard to the deposition testimony requested by the Notice. Johnco made no objection as to the Notice's request for documents pursuant to Fed.R.Civ.P. 30(b)(5). A copy of the Objection is attached hereto as Exhibit "B." As set forth in the Objection, Johnco claimed that the matters on which examination was requested by the Notice were "vague, ambiguous, and insufficiently specific to permit presentation of testimony responsive to said designations." Johnco also objected that the "matters designated for examination are immaterial and irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Johnco further objected that the Notice sought testimony "into sensitive, proprietary and confidential commercial information not properly the subject to this action." Johnco adopted and incorporated the arguments made in Johnco's Amended Motion to Quash Civil Subpoena as to Dunn (the "Motion to Quash", Dkt. No. 52). As a result of the pending Motion to Quash and Johnco's Objection, CYDI's ability to discover relevant information regarding Johnco's mitigation of damages is prejudiced and uncertain.

{034542-058 : KWEST/KWEST : 00540571.DOC; 2}

**I.**    <u>**Johnco's Objections to the Notice as Vague and Ambiguous are Legally Insufficient.**</u>

When a request for discovery is challenged, the onus is on the party resisting discovery to demonstrate specifically how the request is unreasonable or otherwise overly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). The burden of proof in demonstrating that compliance with a discovery request presents is objectionable lies with the objecting party and thus, falls upon Johnco in this case. See, e.g., *Fadalla v. Life Automotive Products, Inc.*, 2007 WL 423350 *2 (M.D. Fla. 2007).

Johnco baldly asserts that the Notice is "vague, ambiguous, and insufficiently specific to permit presentation of testimony responsive to said designations." Johnco's conclusory objections fail to include any specific details as to which topics are inadequately described or incoherent. Without any information as to the problems perceived by Johnco, CYDI has no ability to fix the alleged deficiencies in the topic descriptions.

For this very reason, a conclusory objection to discovery as vague or ambiguous is improper. See, e.g., *Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 698 (N.D. Ga. 2007) ("Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under Rule 26 because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded.")

These are the "thoughtless boilerplate objections" generally frowned upon by courts. See, e.g., *Mullins v. Senior Living II, LLC*, 2007 WL 4098851 (N.D. Fla. 2007) (quoting *Williams v. Taser Intern., Inc.*, 2007 WL 1630875 at *3 (N.D. Ga. 2007) "merely stating that a

{034542-058 : KWEST/KWEST : 00540571.DOC; 2}

discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery") *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 2007) (explaining that "the party interposing an objection has the burden of establishing its claim of privilege or protection; a baldfaced assertion is insufficient" and "failure to bring forward facts sufficient to establish [the] purported claims of privilege and protection renders [the] objections substantively inadequate" resulting in waiver of any objection).

Accordingly, Johnco's objections should be overruled and this Motion granted.

## II.    The Notice is Reasonably Calculated to Lead to the Discovery of Admissible Information.

Johnco argues that the Notice seeks testimony that is "immaterial and irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." This is incorrect.

Rule 26(b)(1) provides generally:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Johnco claims to have incurred in excess of $8 million in damages, because CYDI failed to purchase No. 67 gravel from it. To the extent that Johnco has made any sales of No. 57 gravel, which is comprised of No. 67 gravel, Johnco's claimed $8 million of damages are offset, or mitigated, by the proceeds of any such sales. Further, to the extent that Johnco has the ability

6

to sell No. 57 gravel, but refuses to do so, it has failed to mitigate its damages, as alleged in CYDI's second affirmative defense.

The Notice seeks testimony and documents from Johnco that directly relate to Johnco's ability to produce and or sell gravel, issues raised in CYDI's counterclaim. In addition, the testimony and documents described in the Notice are expected to demonstrate that it is less likely that Johnco has suffered the more than $8 million of claimed damages and more likely that Johnco has failed to mitigate its damages, as asserted by CYDI in its second affirmative defense. Johnco's relationship with Dunn, negotiations with railroads, mining processes, fuel consumption, and equipment use are all relevant to Johnco's business operations, income, and expenses, which are, in turn, material issues in Johnco's affirmative claims, CYDI's defenses thereto, and CYDI's counterclaim. Accordingly, the Notice is permitted by Fed.R.Civ.P. 26, and Johnco should be required to produce its corporate representative for deposition on the listed topics.

**III.    Johnco has Waived, and Has No Standing to Raise, Its Objection that the Notice Seeks Testimony as to Confidential and Proprietary Information. In Any Event, this Objection is Legally Insufficient.**

Johnco asserts the Notice "seeks inquiry into sensitive, proprietary and confidential commercial information not properly the subject of this action." In that regard, Johnco incorporated the arguments included in the Motion to Quash.[1] In response, CYDI incorporates by reference the related arguments in opposition to the Motion to Quash (Dkt. No. 54).

In the Motion to Quash, Johnco argued that "the negotiations between Johnco and Dunn for the sale of No. 57 gravel are sensitive and confidential." Motion to Quash ¶26. As

---

[1] The subpoena required Dunn to appear and provide testimony and documents on December 30, 2007, in Birmingham, Alabama.

7

{034542-058 : KWEST/KWEST : 00540571.DOC; 2}

previously discussed, Mr. Johnston informed CYDI of Johnco's dealings with Dunn without objection by Johnco. Johnco has, therefore, waived its right to raise this objection.

Further, the arguments set forth in the Motion to Quash are that the information sought by CYDI from Dunn is confidential and proprietary to Dunn, rather than to Johnco. For that reason, Johnco has no standing to raise this argument on behalf of Dunn as an objection to producing a corporate representative to testify about this matter.

For the reasons set forth in CYDI's opposition to the Motion to Quash, this objection is legally insufficient.

Request for Attorneys Fees

Rule 37 provides that if a court grants a motion to compel discovery responses, "the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless" one of three exceptions applies. Fed.R.Civ.P. 37(a)(4)(A). None of the exceptions apply in this case, and CYDI is entitled to an award of its reasonable expenses incurred in making this motion to compel.

Motion for Enlargement of Time to Take Depositions Pending Resolution of Discovery Disputes

On January 12, 2007, the Court issued a Uniform Scheduling Order, providing that all discovery in this case was to be completed on or before December 31, 2007. Johnco has agreed to produce Mr. Junkin for deposition on December 20, 2007, after the two other depositions scheduled for that day, including Johnco's deposition of one of CYDI's experts. Counsel for Johnco has represented, however, that he will object to any and all questions regarding Dunn and the other topics identified in the Notice.

8

Because there is insufficient time on December 20 for the parties to take three depositions and because of this pending motion, CYDI has advised Johnco that it will not take Mr. Junkin's deposition on December 20, 2007, but will take it after the Court has addressed the issues raised in this Motion. CYDI desires to take Mr. Junkin's deposition one time, rather than potentially two times during the upcoming holiday season, thus conserving the parties' time and resources. Johnco objects not only to allowing CYDI to inquire into the topics set forth on the Notice, but on allowing CYDI to postpone Mr. Junkin's deposition to a time after the Court has addressed this motion.

As previously indicated, the deposition of the corporate representative of Dunn was set for December 30, 2007. Given the impending holidays and the likelihood that the Court will allow Johnco adequate time to file a response to this motion, it is unlikely that the pending discovery disputes will be resolved prior to that date. Accordingly, CYDI should be permitted to take the deposition of Dunn's representative after the Court has ruled upon the Motion to Quash and outside the discovery time set forth in the Court's Uniform Scheduling Order.

The Court has broad discretion to modify its own scheduling order for good cause shown. Fed.R.Civ.P. 16(b). This request for an extension of time within which to depose Mr. Junkin and Dunn is not based on a lack of diligence and is proposed in good faith. In an effort to conserve the time and resources of the parties' and to preserve its rights to ask Mr. Junkin and Dunn about all of the requested topics, CYDI has been (or will be) unable to reasonably meet the discovery deadline set forth in the scheduling order despite its continued diligence. Accordingly, good cause exists to modify the scheduling order, pursuant to Fed.R.Civ.P. 16(b).

{034542-058 : KWEST/KWEST : 00540571.DOC; 2}

<u>Certificate of Conference with Opposing Counsel</u>

Pursuant to Fed R.Civ.P.37(a)(2)(A), the undersigned has conferred in good faith with counsel for Johnco in an effort to secure the requested discovery without court action, but the parties were unable to resolve the issues presented in this Motion.  Counsel for Johnco opposes all of the relief sought in this motion.

WHEREFORE, CYDI respectfully requests that the Court enter an Order compelling Johnco to produce its representative for deposition on the topics identified in the Notice, granting CYDI leave to take Mr. Junkin's deposition and the deposition of Dunn within thirty (30) days after the Court enters orders ruling on the Motion to Quash and this motion, awarding CYDI its reasonable attorneys' fees incurred in bringing this motion to compel, and granting such further relief as the Court deems just and proper.

**COBB & COLE**


_/s/ Thomas J. Leek_____
THOMAS J. LEEK
FLA. BAR NO. 0116408
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone:  (386) 255-8171
Facsimile:  (386) 323-9255
E-mail: Tom.Leek@CobbCole.com
CO-COUNSEL FOR DEFENDANT

{034542-058 : KWEST/KWEST : 00540571.DOC; 2}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants and served by U.S .Mail, a copy of the foregoing on the following non-CM/ECF participants.

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

J. David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101

___/s/ Thomas J. Leek_____
Attorney

{034542-058 : KWEST/KWEST : 00540571.DOC; 2}

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA


JOHNCO MATERIALS, INC.,                         CASE NO.: CV-06-2:06CV993-10

      Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

      Defendant.

_____/


## DEFENDANT'S NOTICE OF TAKING 30(b)(5) and (6) DEPOSITION
### (DUCES TECUM)

TO:   H. Gregory Pearson, Esquire
      Charles E. Harrison, Esquire
      Junkin, Pearson, Harrison, & Junkin, L.L.C.
      601 Greensboro Avenue
      Suite 600, Alston Place
      Tuscaloosa, AL 35401

Please take notice that the defendant, by and through its undersigned counsel, and pursuant to Fed.R.Civ.P. 30(b)(5) and (6), will take the deposition(s) of the corporate representative(s) of Johnco Materials, Inc. upon oral examination in accordance with the attached Definitions and Instructions.

Topics of Examination: Pursuant to Fed.R. Civ.P. 30(b)(5) and (6), said corporation "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf" as to the matters on which examination is requested. The matters on which examination of the corporation is requested are as follows: See Attached Exhibit A. Said deposition will take place at a date, time and location agreed upon by counsel for plaintiff and for defendant.

034542-058 : KWEST/KWEST : 00539187.WPD: 1                1

EXHIBIT
A

This deposition will be taken before a court reporter or any other duly qualified officer duly authorized who is not of counsel to either of the parties or interested in the event of the cause.

The examination will continue from day to day pursuant to adjournments, if any, until completed. This deposition is being taken for the purpose of discovery, for use as evidence at the trial of this cause, or for any other purpose permitted by the Federal Rules of Civil Procedure.

Cobb & Cole

By: _____

THOMAS J. LEEK
FLA. BAR NO. 0116408
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 255-8171
Facsimile: (386) 323-9255
E-mail: Tom.Leek@CobbCole.com
CO-COUNSEL FOR DEFENDANT

034542-058 : KWEST/KWEST : 00539187.WPD; 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by hand delivery on this $20$ day of November 2007, to:

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101

_____
Attorney

## TOPICS OF TESTIMONY AND REQUEST FOR PRODUCTION

You are hereby requested to provide testimony and/or produce documents relevant to the following topics:

1. Johnco's relationship with Dunn Construction Company, including but not limited to, any and all negotiations between Johnco and Dunn Construction Company regarding the purchase and sale of sand and/or gravel from Johnco.

2. Any and all negotiations between Johnco, or anyone on Johnco's behalf, and any and all railroad companies to move Johnco product from January 2007 to the present.

3. Any and all negotiations between Johnco, or anyone on Johnco's behalf, and any rail car provider to move Johnco product from January 2007 to the present.

4. Any and all negotiations between Johnco, or anyone on Johnco's behalf, and any locomotive (power) to provide to move Johnco product from January 2007 to the present.

5. Johnco's mining process, current and past, including but not limited to:

   a.) Methods by which Johnco mined sand and/or gravel;
   b.) Costs associated with any such process;
   c.) Anticipated output of such production method;
   d.) Advantages of any production method utilized by Johnco over any other production method utilized, considered or available to Johnco;
   e.) The reasons for any change in the mining process by Johnco; and
   f.) The effect of any change in the mining process on the capacity of Johnco to produce sand and gravel.

6. Johnco's historical, current and anticipated fuel consumption through 2012.

7. Johnco's prior, current and anticipated equipment use needs, including but not limited to the purchase price and operational costs of such equipment, the business justification for such equipment, and the method in which the equipment was purchased (e.g., financed).

034542-058 ; KWEST/KWEST : 00539187.WPD; 1                    5

TOTAL P.05

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOHNCO MATERIALS, INC.,                )
                                       )
        Plaintiff,                     )
                                       )          Civil Action No.
vs.                                    )          2:06cv993-ID
                                       )
CONRAD YELVINGTON                      )
DISTRIBUTORS, INC.,                    )
                                       )
        Defendant.                     )

## OBJECTION TO NOTICE OF DEPOSITION

Comes now the plaintiff and, pursuant to FED.R.CIV.P. 30(b)(1),

30(b)(6), and 32(d)(1), and respectfully serves notice of plaintiff's

objection to that certain Defendant's Notice of Taking 30(b)(5) and (6)

Deposition (Duces Tecum).

Plaintiff specifically objects to each designation of the matters set

forth for testimony under FED.R.CIV.P. 30(b)(6). Said designations are

vague, ambiguous, and insufficiently specific to permit presentation of


EXHIBIT
B

testimony responsive to said designations. Moreover, the plaintiff objects that the matters designated for examination are immaterial and irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Finally, the plaintiff adopts and incorporates the arguments made in the plaintiff's Amended Motion To Quash with respect to any transaction(s) with Dunn Construction Company, and specifically that defendant seeks inquiry into sensitive, proprietary and confidential commercial information not properly the subject of this action.

Without waiving these objections, plaintiff states that Clatus Junkin will be presented for testimony as plaintiff's designee under FED.R.CIV.P. 30(b)(6), said time and date to be agreed upon by the plaintiff and the defendant.

This the 14th day of December 2007.

s/ H. Gregory Pearson
H. Gregory Pearson (PEA017)

2

Charles E. Harrison (ASB-9408-N70C)

*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
   & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

Respectfully submitted,


s/ H. Gregory Pearson
H. Gregory Pearson (ASB-4733-S81H)
Attorney For Plaintiff
email: greg@jphj.net


Charles E. Harrison (ASB-9408-N70C)
Attorney For Plaintiff
email: chuck@jphj.net


*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
    & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

4