IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

JOHNCO MATERIALS, INC.,                CASE NO.: CV-06-2:06CV993-ID-SRW

    Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

    Defendant.
_____/

**DEFENDANT, CONRAD YELVINGTON DISTRIBUTORS, INC.,
MOTION FOR LEAVE TO FILE REPLY TO RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL**

Defendant, CONRAD YELVINGTON DISTRIBUTORS, INC. ("CYDI"), moves the Court for leave to file a reply to the Plaintiff's Response in Opposition to Defendant's Motion to Compel (Dkt. No. 58) and in support thereof states as follows:

1. On December 26, 2007, plaintiff, JOHNCO MATERIALS, INC. ("Johnco"), filed its Response in Opposition to Defendant's Motion to Compel (the "Response") the deposition of non-party, Dunn Construction, Inc. ("Dunn").

2. In the Response, Johnco set forth the argument, among others, that CYDI was dilatory in failing to seek discovery from Dunn until December 3, 2007, though "the information sought by [CYDI] by its own admission has been known to [CYDI] since July 2007." Response, pp. 2, 6.

3. CYDI seeks to file a reply to the Response for the sole purpose of addressing Johnco's argument set forth above. Specifically, CYDI seeks to advise the Court that it issued a subpoena to Dunn on or about September 17, 2007 (the

1

"Subpoena"), which was served upon Dunn shortly thereafter. The Subpoena called for the production of documents on or before October 17, 2007. Notably, Dunn did not object to the Subpoena and did not otherwise respond to the Subpoena, verbally or in writing.

4. In preparing to file a motion to compel Dunn's response, CYDI became aware of the fact that the Subpoena was not issued in compliance with the applicable rules. Specifically, CYDI issued the Subpoena to Dunn without serving Johnco prior notice of the commanded production of documents, as required by Fed.R.Civ.P. 45(b)(1).

5. To remedy its prior oversight, CYDI reissued a subpoena to Dunn in compliance with Fed.R.Civ.P. 45, including providing notice to Johnco on or about December 3, 2007.

6. Johnco's argument, therefore, that CYDI allowed five months to pass without taking action on information that it obtained in July is without merit.

7. In any event, no fault lies with CYDI in waiting to issue a subpoena to Dunn with more than three weeks remaining in the discovery period. A party is permitted to wait until near the end of the discovery period to seek the most current information possessed by a non-party. Indeed, CYDI is more likely to obtain meaningful information regarding Johnco's relationship with Dunn in December 2007 than it would have in July 2007.

8. CYDI seeks leave from the Court to file a reply to the Response fully setting forth these arguments.

WHEREFORE, CYDI respectfully requests that the Court enter an Order granting CYDI leave to file a reply to Plaintiff's Response in Opposition to Defendant's Motion to Compel and granting such further relief as the Court deems just and proper.

*COBB & COLE*

/s/ Thomas J. Leek
THOMAS J. LEEK
FLA. BAR NO. 0116408
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 255-8171
Facsimile: (386) 323-9255
E-mail: Tom.Leek@CobbCole.com
CO-COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

J. David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101

/s/ Thomas J. Leek
Attorney