IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

JOHNCO MATERIALS, INC.,         CASE NO.: CV-06-2:06CV993-ID-SRW

    Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

    Defendant.

_____ /

### DEFENDANT, CONRAD YELVINGTON DISTRIBUTORS, INC., REPLY TO RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Defendant, CONRAD YELVINGTON DISTRIBUTORS, INC. ("CYDI"), files this reply to the Plaintiff's Response in Opposition to Defendant's Motion to Compel (Dkt. No. 58) pursuant to the Court's Order of December 27, 2007 (Dkt. 60).

On December 26, 2007, plaintiff, JOHNCO MATERIALS, INC. ("Johnco"), filed its Response in Opposition to Defendant's Motion to Compel (the "Response") the deposition of non-party, Dunn Construction, Inc. ("Dunn"). In the Response, Johnco set forth the arguments, among others, that CYDI had not timely sought the discovery from Dunn, the information sought from Dunn was not relevant to this matter, and the information sought by CYDI was confidential and proprietary *to Dunn*. As described below, each of these arguments fails.

<u>CYDI Issued the Subpoena to Dunn in a Timely Manner and in Compliance with the Applicable Rules and the Court's Scheduling Order.</u>

The Response argues that CYDI was dilatory in failing to seek discovery from Dunn until December 3, 2007, though "the information sought by [CYDI] by its own admission has been known to [CYDI] since July 2007." Response, pp. 2, 6.

Contrary to Johnco's argument, CYDI first issued a subpoena to Dunn on or about September 17, 2007 (the "First Subpoena"), which was served upon Dunn on September 26, 2007. A copy of the First Subpoena with attached return of service is attached hereto as Exhibit "A." The First Subpoena called for the production of documents on or before October 17, 2007. Notably, Dunn *did not object* or otherwise respond to the First Subpoena, verbally or in writing.

In preparing to file a motion to compel Dunn's response, CYDI became aware that the First Subpoena was not issued in compliance with the applicable rules. Specifically, CYDI issued the First Subpoena to Dunn without serving Johnco with prior notice of the commanded production of documents, as required by Fed.R.Civ.P. 45(b)(1). To remedy its prior oversight, CYDI reissued a second subpoena to Dunn in compliance with Fed.R.Civ.P. 45 (the "Second Subpoena"), including providing notice to Johnco on or about December 3, 2007.

Johnco's argument, therefore, that CYDI allowed five months to pass without taking action on information that it obtained in July is without merit. In any event, no fault lies with CYDI in waiting to issue a subpoena to Dunn with more than three weeks remaining in the discovery period. A party is permitted to wait until near the end of the discovery period to seek the most current information possessed by a non-party. Indeed,

2

CYDI is more likely to obtain meaningful information regarding the current status and extent of Johnco's relationship with Dunn in December 2007 than it would have in July 2007.

<u>The Information Sought by the Second Subpoena is Relevant.</u>

The Second Subpoena requested that Dunn provide documents and produce testimony related to the following:

> Johnco's relationship with Dunn Construction Company, including but not limited to, any and all negotiations between Johnco and Dunn regarding the purchase and sale of sand and/or gravel from Johnco.

As thoroughly explained in CYDI's Motion to Compel (the "Motion"), the information sought by CYDI from Johnco is reasonably calculated to lead to the discovery of admissible information. The information sought by the Second Subpoena is relevant to Johnco's breach of contract claims against CYDI, to CYDI's affirmative and other defenses thereto, and to CYDI's counterclaim against Johnco.

The Response does nothing to counter CYDI's arguments set forth in the Motion. Rather, the arguments set forth in the Response all address the weight, rather than the relevance, of the evidence that CYDI seeks to obtain via the Second Subpoena to Dunn. CYDI is entitled to obtain the subpoenaed information and to present it to the jury. The jury, rather than Johnco, should ultimately determine the weight and importance of the information obtained from Dunn.

<u>The Information Sought by the Second Subpoena is Not Confidential or Proprietary to Dunn, Johnco has no Standing to Raise this Argument on Behalf of Dunn; and Dunn has Waived Its Rights to Object to the Second Subpoena.</u>

In the Response, Johnco also argued that the Second Subpoena requested "confidential and commercial information of Johnco's dealings with CYDI's competitor

3

Dunn." Response, p. 15. As previously argued by CYDI in the Motion, Johnco has no standing to raise this argument on behalf of Dunn.

Even more persuasive is the fact that Dunn itself raised no objections to either the Second Subpoena served on it this month or the First Subpoena served on it five months ago. Certainly, if Johnco's allegations were true, then Dunn could be expected to raise objections on its own behalf to producing confidential and proprietary information to its alleged competitor, CYDI. Dunn has failed, however, two times to do so. Accordingly, Dunn has waived its right to object to either subpoena pursuant to Fed.R.Civ.P. 45(c).

The Second Subpoena called for the production of documents and the deposition of Dunn to occur on or before December 30, 2007. Dunn has failed to respond to the Second Subpoena and should be required to do so.

WHEREFORE, CYDI respectfully requests that the Court enter an Order granting CYDI's Motion to Compel and granting such further relief as the Court deems just and proper.

*COBB & COLE*

/s/ Thomas J. Leek
THOMAS J. LEEK
FLA. BAR NO. 0116408
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 255-8171
Facsimile: (386) 323-9255
E-mail: Tom.Leek@CobbCole.com
CO-COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of December, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants, and on January 2, 2007, I served the foregoing by U.S. Mail, First Class, on the following non-CM/ECF participants :

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

J. David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101

Dunn Construction Company, Inc.
c/o J Al McCaskey, Registered Agent
3905 Messer Airport Highway
Birmingham, AL 35222

/s/ Thomas J. Leek
Attorney

Issued by the
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JOHNCO MATERIALS, INC.,          SUBPOENA IN A CIVIL CASE

    Plaintiff,                    CASE NO.: CV-06-2:06CV993-10

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

    Defendant.

TO:    Dunn Construction Company
        Attn: J Al Caskey, Registered Agent
        3905 Messer Airport Highway
        Birmingham, AL 35222

____ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

____ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

__X__ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below

SEE ATTACHED EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Cobb & Cole, 150 Magnolia Avenue, Daytona Beach, Florida 32115. | October 17, 2007 at 10:00 a.m. |

____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).



{034542-058 : KKOBY/KKOBY : 00531016.WPD; 1}

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature], Attorney for defendants | September 17, 2007 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Thomas J. Leek, Esquire, Cobb & Cole, P.O. Box 2491, Daytona Beach, FL 32115; Telephone 386-323-9210

{034542-058 : KKOBY/KKOBY : 00531016.WPD; 1}

## PROOF OF SERVICE

DATE _____   PLACE _____

SERVED

Served on (print name): _____
Manner of service: _____

Served by (print name): _____
Title: _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
Signature of Server

_____
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the parry in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit A

Any and all documents related to Johnco Materials, Inc. or to the gravel mining facility located in Whitehall, Alabama, currently owned and operated by Johnco Materials, Inc., including without limitation any documents related to the purchase of No. 67 gravel, or any other product, from Johnco Materials, Inc.

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me⁽¹⁾ | DATE 9-26-07 |
| NAME OF SERVER (PRINT) Christopher Manning | TITLE Process Server |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: Dunn Construction, J M Caskey Registered Agent 3905 messer Airport Highway Birmingham AL 35222

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 9-26-07
Date

Signature of Server

115 Higginbotham Rd, Empire, AL 35063
Address of Server

CASE NO-CV-06-2:06 CV 993-10

Melissa C Bailey
NCE 12-13-2010