IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

JOHNCO MATERIALS, INC.,   CASE NO.: CV-06-2:06CV993-ID-SRW

    Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

    Defendant.
_____ /

**DEFENDANT, CONRAD YELVINGTON DISTRIBUTORS, INC.,
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
BY NON-PARTY, McCABE & ASSOCIATES**

Defendant, CONRAD YELVINGTON DISTRIBUTORS, INC. ("CYDI"), moves the Court pursuant to Fed.R.Civ.P. 45(e) for an Order compelling the following non-parties to produce the documents requested in the subpoenas duces tecum served upon Rick McCabe/McCabe & Associates and in support thereof states as follows:

1.    On or about December 27, 2007, CYDI served by hand delivery a subpoena for the production of documents upon Rick McCabe/McCabe & Associates ("McCabe"), located in Fayette, Alabama, which include a deadline of December 31, 2007. Copies of the subpoena and affidavit of service are attached hereto as Composite Exhibit "A."

2.    On or about December 27, 2007, McCabe requested a one-week extension, up to and including Monday, January 7, 2008, to respond to the subpoena, and CYDI agreed to same.

3.    McCabe has not objected or responded in writing to the subpoena.

1

{034542-058 : KWEST/KWEST : 00542445.DOC; 1}

4. By failing to object or otherwise respond to the respective subpoenas in writing, McCabe has waived its objections to the subpoena, pursuant to Rule 45(c)(3), Fed.R.Civ.P.

5. In discussions related to the subpoena, McCabe has advised the office of the undersigned that he produced the documents responsive to the subpoena to Johnco or counsel for Johnco on more than one occasion. McCabe reports that he has attempted to recover those documents from Johnco but it is unclear whether he has done so. Further, McCabe has not agreed to review the documents, should he ultimately recover them from Johnco to ensure that CYDI is given a complete set of the responsive documents.

6. McCabe has failed to respond to the subpoena, and CYDI should not be forced to accept anything less than full production from McCabe.

## Certification

I hereby certify that I have conferred with McCabe in a good faith effort to secure the requested information without court action but was unable to resolve the issues presented in this motion.

WHEREFORE, CYDI respectfully requests that the Court enter an Order compelling McCabe & Associate to produce all responsive documents identified in the subpoena within ten (10) days and granting such further relief as the Court deems just and proper.

{034542-058 : KWEST/KWEST : 00542445.DOC; 1}

                                          ***COBB & COLE***

                                   /s/ Thomas J. Leek
                                   THOMAS J. LEEK
                                   FLA. BAR NO. 0116408
                                   150 Magnolia Avenue
                                   Post Office Box 2491
                                   Daytona Beach, FL 32115-2491
                                   Telephone: (386) 255-8171
                                   Facsimile: (386) 323-9255
                                   E-mail: Tom.Leek@CobbCole.com
                                   CO-COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants and served by U.S Mail and facsimile a copy of the foregoing on the following non-CM/ECF participants:

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

J. David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101

McCabe & Associates
Rick McCabe
321 1st Avenue NE
Fayette, AL 35555

                                          /s/ Thomas J. Leek

Issued by the
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| JOHNCO MATERIALS, INC., | SUBPOENA IN A CIVIL CASE |
|---|---|
| Plaintiff, | CASE NO.: CV-06-2:06CV993-ID |
| VS. | |
| CONRAD YELVINGTON DISTRIBUTORS, INC., | |
| Defendant. | |

TO:   Rick McCabe
      McCabe & Associates
      321A 1st Avenue NE
      Fayette, AL 35555

_____ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  ? | |
| | DATE AND TIME |
| | |

_____ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

__X__ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below

**SEE ATTACHED EXHIBIT "A"**

| PLACE | DATE AND TIME |
|---|---|
| Foshee & Turner, 1933 Richard Arrington Jr. Blvd. South, Birmingham, Alabama 35209 | December 31, 2007 at 10:00 a.m. |

_____ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

**EXHIBIT**
tabbies®
A

{034542-058 : KKOBY/KKOBY : 00540956.DOC; 1}

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]*, Attorney for defendants | DATE December 21, 2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER Thomas J. Leek, Esquire, Cobb & Cole, P.O. Box 2491, Daytona Beach, FL 32115; Telephone 386-323-9210 | |

{034542-058 : KKOBY/KKOBY : 00540956.DOC; 1}

## PROOF OF SERVICE

DATE: 12/27/07     PLACE: Office

SERVED

Served on (print name): Rick McCabe
Manner of service: Hand Deliver

Served by (print name): Jeff Abbett
Title: Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 12/27/07

Signature of Server: Jeff Abbett

Address of Server: P.O. Box 173, Warrior, AL 35180

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the parry in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{034542-058 : KKOBY/KKOBY : 00540956.DOC; 1}

## Exhibit A

    Any and all documents related to or referencing Johnco Materials, Inc., including but not limited to, invoices, contracts, credit card statements, bank statements, bank reconciliations cancelled checks, financial statements, and/or any documents evidencing income of Johnco Materials, Inc.

{034542-058 : KKOBY/KKOBY : 00540956.DOC; 1}