**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| JOHNCO MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | 2:06cv993-ID |
| | ) | |
| CONRAD YELVINGTON | ) | |
| DISTRIBUTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on February 26, 2008, in Montgomery, Alabama, wherein the following proceedings were held and actions taken:

1.    PARTIES AND COUNSEL:

For plaintiff:    H. Gregory Pearson
Charles E. Harrison
Suel W. Junkin

JUNKIN, PEARSON, HARRISON
   & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

For defendant:   Thomas J. Leek, Esq
COBB & COLE
150 Mognolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491

George Walker III, Esq.
David Martin, Esq.
COPELAND, FRANCO, SCREWS
   & GILL, P.A.
444 S. Perry St.
Montgomery, Alabama 36101-0347

COUNSEL APPEARING AT PRETRIAL HEARING:

For plaintiff:   H. Gregory Pearson
Charles E. Harrison
Samuel W. Junkin
JUNKIN, PEARSON, HARRISON
   & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

For defendant:    Thomas J. Leek, Esq
                    COBB & COLE
                    150 Mognolia Avenue
                    Post Office Box 2491
                    Daytona Beach, FL 32115-2491

                    David Martin, Esq.
                    COPELAND, FRANCO, SCREWS
                      & GILL, P.A.
                    444 S. Perry St.
                    Montgomery, Alabama 36101-0347

2.     JURISDICTION AND VENUE:  The parties stipulate (1) that the complaint states causes of action arising under the statutory and common law of the  State of Alabama.  (2)  That the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  (3) That jurisdiction of this matter is proper in this Court under 28 U.S.C. §1332.  (4) That a substantial part of the events or omissions giving rise to the claim in this case occurred in this judicial district, or a substantial part of property that is the subject of the action is situated in this judicial district.  (5) That venue of this matter is proper before this Court under 28 U.S.C. §1391(a).

3.    PLEADINGS.  The following pleadings and amendments were allowed:

      (1)    Complaint (November 1, 2006)

      (2)    Answer and Counterclaim (December 5, 2006)

      (3)    Reply to Counterclaim (December 19, 2006)

4.    CONTENTIONS OF THE PARTIES:

      (a)    <u>The plaintiff</u>.    The plaintiff contends the defendant breached the contract by not ordering, picking up or paying for regular weekly rail shipments of No. 67 gravel (5,200 tons per week), consistent with the terms of the contract.  The failure of the defendant to take regular weekly shipments of No. 67 gravel and the resulting breach caused the plaintiff to suffer damages, including specifically loss of profits and other legal damages as may be allowed by law, including prejudgment interest.

(b)    <u>The defendant</u>.    The defendant affirmatively and otherwise responds to the plaintiff's claims that the plaintiff was unable, or otherwise failed, to perform its obligations under the Supply Agreement. In addition, the plaintiff's claims are barred by the doctrine of unclean hands, in that plaintiff operated its business in such a way as to bring about the demise of its mining operations and otherwise caused plaintiff to breach the Supply Agreement.    Further, the plaintiff failed to mitigate its damages, if any, and such damages, if any, must be offset by any profits the plaintiff earned by selling No. 67 gravel, or other related products or byproducts, to another purchaser.

The defendant/counterclaimant contends in its counterclaim that the plaintiff breached the Supply Agreement by failing to deliver the minimum amount of No. 67 gravel as required by the Supply Agreement to defendant/counterclaimant.    As a result of the plaintiff's breach, the defendant has been damaged by incurring lost profits on the sales of No. 67 gravel as a result of both not having sufficient gravel to supply to

purchasers and having to purchase gravel at a higher price from alternative

suppliers.

5.    STIPULATIONS BY AND BETWEEN THE PARTIES:

1.    Conrad Yelvington Distributors, Inc. ("CYDI") is a Florida corporation with its headquarters in Daytona Beach, Florida.

2.    Gary Yelvington is the president of CYDI.

3.    Johnco Materials, Inc. ("Johnco") is an Alabama corporation, and was formed for the purpose of purchasing a tract of property to establish a sand-and-gravel mining operation to produce and sell sand and gravel.

4.    Johnco was incorporated by P.M. Johnston and Ben Johnston in 2003.

5.    As of the date of the Supply Agreement, the corporation was owned by P.M. Johnston, Ben Johnston and Clatus Junkin, each of whom were officers.

6.    The Johnstons subsequently conveyed their interest in Johnco to Clatus Junkin in the spring of 2006.

6

7.    On April 16, 2004, CYDI entered into a Supply Agreement to purchase No. 67 gravel from Johnco.

8.    CYDI and Johnco negotiated for Johnco to construct and operate a mining facility to supply CYDI with No. 67 gravel.

9.    No. 67 gravel is a grade of gravel 3/4" to 3/8" in size.

10.    The No. 67 gravel was to be picked up at the Johnco plant by CYDI.

11.    The price paid by CYDI under the Supply Agreement was $5.51 per ton for the first load taken by CYDI.

12.    In May 2004, Johnco purchased real property in Lowndes County, Alabama for its plant site, which became known as "Whitehall."

13.    Johnco submitted samples of the No. 67 gravel to CYDI in January 2006.

14.    Samples of Johnco's No. 67 gravel were received and approved by CYDI by February 2006.

15.    The dredge mining at the Whitehall facility to produce No. 67 gravel results in the simultaneous production of by-products of sand and oversize gravel.

7

16.    CYDI knew that the sand and oversize gravel is a byproduct of No. 67 gravel production at Whitehall.

17.    The average product mix at Whitehall was 45 percent gravel and 55 percent sand.

18.    The gravel mix at Whitehall averaged 80 percent No. 67 gravel and 20 percent oversize.

19.    CYDI was aware that Johnco had a supply of sand for sale after Johnco began dredge mining at the Whitehall facility.

20.    CYDI offered to help find a buyer for Johnco's sand, and engaged in efforts to find a buyer for Johnco.

21.    CYDI discussed with Johnco potentially purchasing sand from Johnco.

22.    Oversize gravel is gravel that is approximately an inch in diameter up to approximately three inches in diameter.

23.    CYDI took delivery of its first train load of No. 67 gravel on May 11, 2006.

6.    Counsel will receive a trial docket approximately one month prior to trial term.

IT IS ORDERED as follows:

(1)    Jury selection is set at 10:00 a.m. on the 31st day of

       March 2008, in Montgomery, Alabama.

(2)    The trial, which is to last five days, is set to begin during the

       term of court commencing the 31st day of March 2008

       in Montgomery, Alabama.

(3)    The parties are to file motions in limine (to be fully briefed), no

       later than three weeks prior to jury selection.

(4)    The parties are to file the following no later than two weeks

       prior to jury selection:

      a.      Requested voir dire questions. **Note: Voir dire questions should not duplicate questions in the jury questionnaire**, and

      b.      Proposed jury instructions together with citations of authority in support of each proposed instruction.

(5)    All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless that Order be hereafter modified by order of the court.

CONSIDERED and ORDERED this 26th day of February 2008.

              /s/ Ira DeMent
              SENIOR UNITED STATES DISTRICT JUDGE