IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

JOHNCO MATERIALS, INC.,

    Plaintiff,                                CASE NO.: CV-06-2:06CV993-ID-SRW

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

    Defendant.
_____/

**DEFENDANT'S, CONRAD YELVINGTON DISTRIBUTORS, INC.,
MOTION IN LIMINE TO EXCLUDE THE UNTIMELY PRODUCTION OF
DOCUMENTS BY PLAINTIFF AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, CONRAD YELVINGTON DISTRIBUTORS, INC. ("CYDI"), hereby moves in limine for the Court to enter an Order, pursuant to Fed.R.Civ.P. 26(e)(2) and 37(c)(1), excluding plaintiff's, JOHNCO MATERIALS, INC. ("Johnco"), supplemental production of documents of March 1, 2008. In support thereof, CYDI states as follows:

1.     On March 15, 2007, CYDI served Defendant's First Request for Production of Documents on Johnco.

2.     Pursuant to Fed.R.Civ.P. 34(b), Johnco's deadline to provide any and all documents in its control and possession that were responsive to CYDI's requests was April 17, 2007.

3.     On April 17, 2007, Johnco served Plaintiff's Response to Defendant's First Requests for Production, which was supplemented on October 2, 2007.

4.     Pursuant to the Court's January 12, 2007 Uniform Scheduling Order, the discovery cut-off was December 31, 2007 as trial is set to begin on March 31, 2008.

5.      On March 1, 2008, Johnco served Plaintiff's Second Supplemental Response to Defendant's First Request for Production, which included documents bates-stamped JOHNCO 1863 – JOHNCO 1953.

6.      Documents bates-stamped JOHNCO 1892 – JOHNCO 1920 and JOHNCO 1946 – JOHNCO 1953 are the subject of this motion as they were in, or with reasonable diligence should have been in, the control or possession of Johnco prior to the responsive deadline of April 17, 2007.[1]  As such, Johnco failed to timely produce the subject documents.

7.      Further, Johnco was fully aware of its duty to supplement discovery responses but failed to do so in a timely manner, producing documents bates-stamped JOHNCO 1863 – JOHNCO 1953 two months after the discovery cut-off and only four weeks prior to trial.

8.      CYDI will suffer prejudice if Johnco is permitted to use or admit into evidence documents bates-stamped JOHNCO 1892 – JOHNCO 1920 and JOHNCO 1946 – JOHNCO 1953, and such failure to timely produce the subject documents is not harmless.

WHEREFORE, CYDI moves that this Court enter an Order in Limine prohibiting Johnco from the using or admitting into evidence documents bates-stamped JOHNCO 1892 – JOHNCO 1920 and JOHNCO 1946 – JOHNCO 1953 served with Plaintiff's Second Supplemental Response to Defendant's First Request for Production.

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION**

A party upon whom a request for production of documents is served must respond within thirty days after service of the request and provide documents responsive to the

---

[1] Documents bates-stamped JOHNCO 1863 – JOHNCO 1891 contain Johnco's 2006 tax return, which appears to be filed on or about February 21, 2008, and therefore, Johnco was unable to provide CYDI with this information at an earlier date. Documents bates-stamped JOHNCO 1921 – JOHNCO 1945 are the Summary and Supplemental Reports prepared by Johnco's expert witness, which were previously provided to CYDI.

request. Fed.R.Civ.P. 34(b). A party who has responded to a request for production has a duty to supplement its response to include information thereafter acquired. Fed.R.Civ.P. 26(e). This is required by the court in the following circumstances:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Rule 26(e)(2), Federal Rules of Civil Procedure. It is within the sound discretion of the Court to sanction a party for its failure to properly or fully make disclosure required by Rule 26 "by enforcing the unambiguous terms of Rule 37(c)." *Id*. (citing *Firefighters' Inst. For Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 902 (8th Cir. 2000)).

Rule 37(c)(1), Federal Rules of Civil Procedure, governing sanctions for failure to disclose, states in pertinent part:

> A party that without substantial justification fails…to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial…any…information not so disclosed.

On March 15, 2007, CYDI served Defendant's First Request for Production of Documents on Johnco. Pursuant to Fed.R.Civ.P. 34(b), Johnco's deadline to provide any and all documents in its control and possession that were responsive to CYDI's requests was April 17, 2007. On April 17, 2007, Johnco served Plaintiff's Response to Defendant's First Requests for Production, which was supplemented on October 2, 2007.

On March 1, 2008, Johnco served Plaintiff's Second Supplemental Response to

Defendant's First Request for Production, which included documents bates-stamped JOHNCO 1863 – JOHNCO 1953. Excluding the tax return filed in February 2008 (JOHNCO 1892 – JOHNCO 1920) and the reports prepared by Johnco's expert (JOHNCO 1946 – JOHNCO 1953), the documents supplemented by Johnco included the following: an e-mail dated April 9, 2004; a map; a Drillhole Summary Report finalized August 25, 2006; Johnco Gradation Data as of August 25, 2006; a letter from Mark Klebe of CYDI dated November 26, 2006; an invoice billing spreadsheet with last transaction on August 29, 2007; the Summary and Supplemental Reports by J. Alexander; Average Rates by Product dated through December 17, 2007; and a Material Purchases Report with last transaction on September 27, 2007.

Considering the dates of the documents produced, the subject documents were in, or with reasonable diligence should have been in, the control or possession of Johnco on the responsive deadline of April 17, 2007 and most certainly prior to the discovery cut-off of December 31, 2007. As such, Johnco failed to timely produce the subject documents. Further, Johnco was fully aware of its duty to supplement discovery responses, evidenced by its first supplemental response in October 2007. Still, Johnco failed to produce documents bates-stamped JOHNCO 1863 – JOHNCO 1953 until March 1, 2008, two months after the discovery cut-off and only four weeks prior to trial.

CYDI will suffer prejudice if Johnco is permitted to use or admit into evidence the subject documents as CYDI does not have the time or authority to depose Johnco's witnesses to discover the meaning or origin of the documents and how they are relevant at trial. As such, Johnco's failure to timely produce such documents is not harmless. Pursuant to Fed.R.Civ.P. 37(c)(1), sanctioning Johnco is appropriate given Johnco's

failure to comply with Rules 26, 34, and 37, and Johnco should not be permitted to use documents bates-stamped JOHNCO 1892 – JOHNCO 1920 and JOHNCO 1946 – JOHNCO 1953 at trial.

Cobb Cole

/s/ Thomas J. Leek
THOMAS J. LEEK
FLA. BAR NO. 0116408
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 255-8171
Facsimile: (386) 323-9255
E-mail: Tom.Leek@CobbCole.com
CO-COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants and served by U.S Mail and Electronic Mail a copy of the foregoing on the following non-CM/ECF participants:

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

J. David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101

/s/ Thomas J. Leek