IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

JOHNCO MATERIALS, INC.,                   CASE NO.: CV-06-2:06CV993-ID-SRW

       Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

       Defendant.

_____ /

**DEFENDANT, CONRAD YELVINGTON DISTRIBUTORS, INC.,
MOTION IN LIMINE TO EXCLUDE REFERENCES TO CLATUS JUNKIN'S
FORMER SERVICE AS A MEMBER OF THE JUDICIARY**

       Defendant, CONRAD YELVINGTON DISTRIBUTORS, INC. ("CYDI"), hereby moves

in limine for the Court, pursuant to Fed.R.Evid. 401 and 403, to enter an Order prohibiting any

party, counsel, or witness from referring to Clatus Junkin's former service as a member of the

judiciary and in support thereof states as follows:

       1.      On or about April 16, 2004, Johnco and CYDI entered into the Supply Agreement

for No. 67 gravel attached to the Complaint as Exhibit "A."

       2.      Johnco filed suit against CYDI for breach of contract, alleging that Johnco was at

all times ready, willing, and able to comply with the Supply Agreement, but CYDI refused to

purchase the requisite quantities of No. 67 gravel.  Complaint, ¶13-15.

       3.      CYDI counterclaimed against Johnco for breach of contract, alleging that Johnco

breached the Supply Agreement by failing to deliver the requisite quantities of No. 67 gravel.

Answer and Counterclaim, ¶8.

       4.      Upon information and belief, Clatus Junkin, the owner of Johnco, formerly served

as a Circuit Court Judge in Fayette County, Alabama.

5.    Fed.R.Evid. 401 provides as follows:

Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

6.    Fed.R.Evid. 403 provides as follows:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

7.    Evidence pertaining to Mr. Junkin's service as a judge does not tend to make the existence of any fact that is of consequence to either parties' breach of contract claim more or less probable.

8.    Further, references to or testimony regarding Mr. Junkin's prior service as a judge in front of the jury would be highly prejudicial to CYDI and would tend to confuse the issues and mislead the jury, in that such references or evidence would tend to make Mr. Junkin's testimony appear more credible than that of other witnesses and potentially lead the jury to render its verdict based on something other than a fair weighing of the evidence.

9.    Any such references or evidence would have no probative value or relevance whatsoever to the parties' respective breach of contract claims.

10.    A limiting instruction could not cure the unfair prejudice or remedy the confusion or misleading of the jury.

WHEREFORE, CYDI moves that this Court enter an Order in Limine prohibiting any party, counsel, or witness from introducing evidence or testimony of, or otherwise referring to, Clatus Junkin's former service as a member of the judiciary.

{034542-058 : KWEST/KWEST : 00545663.DOC; 4}

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

"A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *See O'Rear v. Fruehauf Corp.*, 554 F.2d 1304 (5th Cir. 1977). Motions in limine may be directed toward barring specified evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence. 3 *Moore's Federal Practice*, § 16.77 (Matthew Bender 3d ed.).

To be admissible, evidence must be relevant. *See Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993 (5th Cir. 1980). Rule 401, Fed. R. Evid., states:

> Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The relevance of proffered evidence often turns on the nature of the proffered evidence itself, the nature of the consequential fact it purportedly has a tendency to prove or disprove, and the context in which it is offered. *See, e.g., Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 525 (3d Cir. 2003). Therefore, in making its determination of whether to grant a motion in limine, the court has the authority and discretion to exclude evidence relating to collateral issues due to the fact that it fails to prove the existence of any fact of consequence. *See Patterson v. McWane Cast Iron Pipe Company,* 331 F.2d 921 (5th Cir. 1964). Here, both parties' claims are for breach of contract related to the Supply Agreement. Mr. Junkin's previous judicial service has no relation to the factual allegations underlying the breach of contract claims. Accordingly, Mr. Junkin's prior service as a judge is irrelevant.

Furthermore, even if Mr. Junkin's judicial service satisfied the standard of relevancy, Rule 403, Fed. R. Evid., provides a balancing test to determine its admissibility as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The major function of Rule 403 is to exclude "matter of scant" probative force." *United States v. McRae*, 593 F.2d 700 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979). Further, the rule was "designed principally to promote policies of assuring correct factual determinations in individual cases and actual and perceived fairness in judicial process as a whole." *United States v. Robinson*, (2d Cir.) *cert. denied*, 435 U.S. 905 (1976).

Trial courts have increasingly used motions in limine to determine the admissibility of evidence on the basis of Rule 403. *See Moore's Federal Rules Pamphlet* §403.5 (citing, *e.g.*, *United States v. LaFlam*, 369 F.3d 153, 156-157 (2d Cir. 2004)). When presented with a Rule 403 objection, the court must assess the probative value of the proffered item of evidence as well as the harmful consequences specified that might flow from its admission. *See., e.g., Blind-Doan v. Sanders*, 291 F.3d 1079, 1083 (9th Cir. 2002).

Here, Mr. Junkin's previous judicial service has no relation to the factual allegations pertaining to the parties' respective breach of contract claims and, therefore, has no probative value whatsoever. Any probative value in Mr. Junkin's prior service as a judge, it is more than offset by the danger of unfair prejudice, confusion of the issues, and misleading the jury in that hearing such evidence or references will tend to make Mr. Junkin's testimony appear more credible than that of other witnesses and potentially lead the jury to render its verdict based on something other than a fair weighing of the evidence. A limiting instruction would not cure this prejudice or confusion and would only seek to enforce the image of Mr. Junkin as a judge in the

eyes of the jury.

In the interests of assuring that correct factual determinations are reached by the jury and in achieving actual and perceived fairness, references to Mr. Junkin's former service as a judge should be prohibited pursuant to Fed.R.Evid. 403.

WHEREFORE, CYDI respectfully requests that this Court enter an Order prohibiting any party, counsel, or witness from referencing Clatus Junkin's former service as a member of the judiciary.

Cobb Cole

/s/ Thomas J. Leek _____
THOMAS J. LEEK
FLA. BAR NO. 0116408
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone:  (386) 255-8171
Facsimile:   (386) 323-9255
E-mail: Tom.Leek@CobbCole.com
CO-COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants and served by U.S Mail and Electronic Mail a copy of the foregoing on the following non-CM/ECF participants:

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

J. David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL  36101


_____/s/ Thomas J. Leek_____