IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CASE NO.: 2:06CV993-ID

JOHNCO MATERIALS, INC.,
Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

Defendant.

_____/

**COURT'S PRELIMINARY INSTRUCTIONS
TO THE JURY**

Cobb Cole

/s/ Thomas J. Leek_____
THOMAS J. LEEK
FLA. BAR NO. 0116408
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone:  (386) 255-8171
Facsimile:  (386) 323-9255
E-mail: Tom.Leek@CobbCole.com
CO-COUNSEL FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 10th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants and served by U.S Mail and Electronic Mail a copy of the foregoing on the following non-CM/ECF participants:

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

J. David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL  36101


\_\_\_/s/ Thomas J. Leek_____

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

To be given after jury is selected and sworn in but before opening statements.

*Ladies and Gentlemen:*

*You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.*

*I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you  the rules of law that you must follow and apply in making your decision.*

*The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."*

***Transcripts Not Available.***  *You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.*

***Exhibits Will Be Available.***  *On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.*

*\* \* \* \* \**

***Notetaking - Permitted.***  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

* * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

*From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.*

*During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.*

*The order of the trial's proceedings will be as follows:  In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."  When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).*

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CASE NO.: 2:06CV993-ID

JOHNCO MATERIALS, INC.,
Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

Defendant.
_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

**BASIC INSTRUCTIONS**

(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

To be given after close of evidence.

## 1

### Introduction

*Members of the Jury:*

> *I will now explain to you the rules of law that you must follow and apply in deciding this case.*

> *When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.*

**2.2**

**Consideration of the Evidence**
**Duty to Follow Instructions**
**Corporate Party Involved**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

*In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.*

*The fact that corporations are involved as parties must not affect your decision in any way. Corporations and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.*

*In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.*

*Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in*

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

2

*arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.*

**6.2**

**Burden of Proof**
**When there are Multiple Claims or**
**When Both Plaintiff and Defendant**
**or Third Parties have Burden of Proof**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

*In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."*

*A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.*

*When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.*

*If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.*

**3**

**Credibility of Witnesses**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

  *Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.*

  *In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?*

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

**4.1**

**Impeachment of Witnesses**
**Inconsistent Statement**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**5.1**

**Expert Witnesses;
General Instruction**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

*When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.*

*Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.*

**10.12**

**Action for Breach - Elements**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

*The plaintiff in this action, Johnco, sues the defendant, Yelvington, for breach of contract, and the defendan in this action, Yelvington, counter sues the plaintiff, Yelvington for breach of contract.*

*The elements of Johnco's action for breach of contract are:*

*1.      Existence of a contract between Johnco and Yelvington.*

*2.      Performance by Johnco.*

*3.      Yelvington's failure to perform.*

*4.      Resulting damage to Johnco.*

*The elements of Yelvington's action for breach of contract are:*

*1.      Existence of a contract between Yelvington and Johnco.*

*2.      Performance by the Yelvington.*

*3.      Johnco's failure to perform.*

*4.      Resulting damage to Yelvington.*

**10.13**

**Issues - Contract Admitted - Counterclaim**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

In this action Johnco claims damages of Yelvington as the result of a breach of a contract, the Supply Agreement, entered into by Johnco and the defendant on April 16, 2004, whereby Johnco agreed to construct and operate a mining facility to supply the defendant with No. 67 gravel and in return alleges the defendant agreed to purchase 5,200 tons of No. 67 gravel per week.

Johnco contends that it has performed its part of the Supply Agreement but that Yelvington has breached the Supply Agreement, in that Yelvington has failed to order, pick-up, and pay for 5,200 tons of No. 67 gravel per week.  Johnco alleges it was damaged as a result of the alleged breach.

Yelvington admits entering into the Supply Agreement with Johnco , but in defense of Johnco's claim contends that Johnco should not recover.  I will separately instruct you with respect to Yelvington's affirmative defenses.

Yelvington has filed a counter claim against Johnco whereby Yelvington seeks damages from Johnco as a result of an alleged breach of the Supply Agreement on the part of Johnco.  Yelvington contends that Johnco agreed in the Supply Agreement to  supply the defendant with a minimum of 150,000 tons of No. 67 gravel per year.  Yelvington contends that Johnco breached the Supply Agreement by failing to deliver the minimum amount of No. 67 gravel.  Yelvington alleges that it was damaged as a result of the alleged breach.

The contract being admitted by both parties it will be your duty to determine from the evidence whether either party breached the Supply Agreement and if so the amount of damages, if any, suffered by the other party as a result thereof.

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

**Course of Dealings**

**Ala. Code 1975, § 7-1-303**

*If you find the terms of the Supply Agreement ambiguous or unclear, you may refer to the parties' course of dealing to a) determine the meaning of the Supply Agreement, b) give particular meaning to specific terms of the Supply Agreement, or c) to supplement or qualify the terms of the Supply Agreement.*

*A "course of dealing" is a sequence or pattern of conduct with regard to previous transactions between the parties that may establish a basis for interpreting the parties' expressions and other conduct.*

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

**8.01**

**Affirmative Defenses**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

Yelvington contends that Johnco is not entitled to recover for its breach of contract claims because **Johnco breached the Supply Agreement prior to any purported breach by Yelvington**. The burden is upon Yelvington to reasonably satisfy you by the evidence of the truthfulness of this defense.

Yelvington contends that Johnco is not entitled to recover for its breach of contract claims because **of Johnco's "unclean hands."** I will explain the concept of "unclean hands" in a following instruction.  The burden is upon Yelvington to reasonably satisfy you by the evidence of the truthfulness of this defense.

Yelvington contends that Johnco is not entitled to recover for its breach of contract claims because **Johnco was unable to maintain its business operations for reasons unrelated to any action by defendant, and Johnco chose to cease its business operations, thus waiving any rights of Johnco to enforce the Supply Agreement against Yelvington.**  I will explain the concept of "waiver" in a following instruction. The burden is upon Yelvington to reasonably satisfy you by the evidence of the truthfulness of this defense.

Yelvington also contends that Johnco is not entitled to recover for its breach of contract claims because **Johnco was unable to produce the amount of gravel required by the Supply Agreement, estopping Johnco from asserting its claims against Yelvington**.  I will explain the concept of "estoppel" in a following instruction. The burden is upon Yelvington to reasonably satisfy you by the evidence of the truthfulness of this defense.

Yelvington contends that Johnco is not entitled to recover for its breach of contract claims, in whole or in part, because **Johnco has failed to mitigate its damages**. I will explain the concept of "mitigation of damages" in a following instruction. The burden is upon Yelvington to reasonably satisfy you by the evidence of the truthfulness of this defense.

Yelvington contends that any damages recovered by Johnco must be **offset by any profits Johnco earned** or could have earned by selling gravel or other related products or byproducts to another purchaser. The burden is upon Yelvington to reasonably satisfy you by the evidence of the truthfulness of this defense

**51.00**

**Waiver**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

*Waiver is the intentional and unequivocal relinquishment of a known right, which must be proved to your reasonable satisfaction by the party asserting it.*

**51.01**

**Estoppel**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

*Yelvington, which has asserted estoppel as an affirmative defense, must prove to your reasonable satisfaction the following:*

*1.    That Johnco, who had knowledge of the facts or under all the circumstances should have had knowledge of the facts, communicated something in a misleading way with the intention that the communication would be acted on. The communication may be by words, conduct or silence;*

*2.    That Yelvington, who in good faith lacked knowledge of the facts, relied upon the communication; and*

*3.    That Yelvington relying on the communication would be harmed materially if Johnco is later permitted to assert a claim or defense inconsistent with its earlier communication.*

**10.17**

**Damages - General Rule**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

*Damages for the breach of a contract is that sum which would place the injured party in the same condition it would have occupied if the contract had not been breached.*

**11.28**

**Breach of Contract (Damages)**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

*Damages recoverable for the breach of a contract are such as are the natural and proximate consequences of the breach, and such as may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made.*

**10.18**

**Interest on Damage for Breach**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

*If you are reasonably satisfied from the evidence that one party is entitled to recover and you have arrived at the amount of your award you should then determine from the evidence the date the party was entitled to the damages arrived at by you and then add interest thereto at the rate of 6% per annum from the date you find the party was entitled to have received the damages to the present date of April ___, 2008.*

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

**11.29**

**Mitigation (Damages)**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

It is the duty of one damaged to exercise ordinary care to reduce its damages: it is bound to exercise such care as a reasonably prudent business would exercise under like circumstances to reduce or mitigate the damages.  It can recover only such damages as would have been sustained had such care been exercised.

**11.29**

**Mitigation (Damages)**

**Alabama Pattern Jury Instructions, Civil, Second Edition**

Johnco claims of Yelvington damages for loss of profits for the disruption or discontinuance of Johnco's new business as a proximate result of the alleged breach of contract committed by the defendant.

To recover for loss of profits, the burden of proof is on Johnco to prove with reasonable certainty the amount of such damages and further prove to your reasonable satisfaction that such damages are proximate results of the alleged wrongs.

Proof to a reasonable certainty means that Johnco has to produce evidence to provide a basis upon which you can, with reasonable certainty, calculate the amount of the alleged lost profits arising as a proximate result of the Yelvington's alleged wrongful conduct during the period of the disruption or discontinuance of Johnco's business.

**5.1**

**Reduction To Present Value**
**Inflation And Calculation Of**
**Below-Market Discount Rate**

**SUPPLEMENTAL DAMAGES INSTRUCTIONS**
**(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).**

*If you should find that either party has suffered a loss of future income, any amount you award for that loss must be reduced to present value. This must be done in order to take into account the fact that the award will be paid now, and the party will have the use of that money now and in the near future, even though the total loss will not be sustained until later in the future.*

*In order to make a reasonable adjustment for the present use of money representing a lump-sum payment of anticipated future loss, you must apply what is called a below-market discount rate.*

*In making that calculation you should first determine the net, after-tax income the damaged party would have received during the remainder of the contract, including any increases the party would have received as a result of any factors other than inflation. This future income stream must then be discounted or reduced by applying a below-market discount rate, which represents the estimated market interest rate the award could be expected to earn over the period of the loss (adjusted for the effect of any income tax on the interest so earned), and then reduced by the estimated rate of future price inflation.*

*You have heard the testimony of one or more accountants concerning this calculation and their opinions concerning the appropriate below-market discount rate; and, while you are not bound by those opinions, you may rely upon them as an aid in resolving this issue.*

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

**7.2**

**Duty To Deliberate**
**When Both Plaintiff And Defendant Claim**
**Damages Or When Damages Are Not An Issue**

**BASIC INSTRUCTIONS**
**(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).**

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**8**

**Election Of Foreperson**
**Explanation Of Verdict Form(s)**

**BASIC INSTRUCTIONS**
**(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).**

*When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.*

*A form of verdict has been prepared for your convenience.*

*[Explain verdict-complete once verdict form finalized]*

*You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.*

*If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.*

{034542-058 : KWEST/HGREE : 00547050.DOC; 1}

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CASE NO.: 2:06CV993-ID

JOHNCO MATERIALS, INC.,
Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

Defendant.
_____/

## SPECIAL VERDICT FORM

      We, the Jury, render the following verdict:

1.     Did Conrad Yelvington Distributors, Inc. ("Yelvington"), breach the terms of its contract with Johnco Materials, Inc. ("Johnco"), by failing to purchase the requisite amounts of No. 67 gravel, thereby causing Johnco damage?

             Yes _____         No _____

If your answer to question 1 is "No," please skip to question 3.  If your answer to question 1 is "Yes," please answer the following question:

2.     What is the total amount of damages you find that resulted from Yelvington's breach?

             $ _____

3.     Could any portion of this amount have been offset by any profits Johnco actually earned or could have earned by selling gravel or other related products or byproducts to another purchaser?

             Yes _____         No _____

If your answer to question 3 is "No," please skip to question 5.  If your answer to question 3 is "Yes," please answer the following question:

4.      What is the total amount that Johnco actually earned or could have earned by selling gravel or other related products or byproducts to another purchaser?

$ _____

5.      On what date did Yelvington's breach occur?

_____

6.      Did Johnco's conduct constitute "unclean hands"?

_____

7.      Did Johnco waive its right to enforce the contract?

_____

8.      Is Johnco estopped from asserting its claims against Yelvington?

_____

9.      Did Johnco fail to mitigate its damages?

_____

10.     Did Johnco breach the terms of its contract with Yelvington by failing to supply the requisite amounts of No. 67 gravel, thereby causing Yelvington damage?

Yes _____            No _____

If your answer to question 10 is "No," please skip to question 12.  If your answer to question 10 is "Yes," please answer the following question:

11.     What is the total amount of damages you find that resulted from Johnco's breach?

$ _____

12.     On what date did Johnco's breach occur?

_____

SO SAY WE ALL, this the \_\_\_\_\_ day of April, 2008.


_____
Foreman or Forewoman