IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JOHNCO MATERIALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | 2:06cv993-ID |
| ) | |
| CONRAD YELVINGTON ) | |
| DISTRIBUTORS, INC., ) | |
| ) | |
| Defendant. ) | |

## MOTION IN LIMINE BY THE
## PLAINTIFF JOHNCO MATERIALS, INC.

Comes now Johnco Materials, Inc. ("Johnco"), the plaintiff in the above-styled cause, and, pursuant to Section 13 of the Uniform Scheduling Order of January 12, 2007, moves in limine that counsel for the defendant Conrad Yelvington Distributors, Inc. and all of said counsel's witnesses be instructed by Order of this Court to refrain from making any mention, directly or indirectly, of any of the matters set forth herein, without first approaching the Court and obtaining a ruling from the Court (outside the presence and hearing of all of the prospective jurors or jurors ultimately

selected in this cause) in regard to any of the alleged theories of admissibility of such matters.

Plaintiff simultaneously files and submits a brief in support of this motion, and further would show as follows:

1. That the matters set out below are inadmissible for any purpose on proper and timely objection.

2. That said matters have no bearing on the issues of the case or the rights of the parties to this suit.

3. That permitting interrogation of witnesses, comments to jurors or prospective jurors or offers of evidence concerning these matters would unfairly prejudice the jury.

4. That the Court's sustaining objections to such questions, comments or offers would not cure such prejudice, but rather would reenforce the impact of such prejudicial matters on the jurors.

5. The plaintiff would show that the following matters would not be admissible for any purpose in this cause:

    A. Evidence and argument as to the supply and availability of rail cars, in that such evidence or argument would be in support of an affirmative defense that was not pled by CYDI and has therefore been waived.

    B. Evidence and argument as to any delay in construction of the Whitehall sand and gravel mining facility, in that such evidence or argument would be in support of an

        affirmative defense that was not pled by CYDI and therefore waived.

C.    Expert opinion offered as to CYDI's counterclaim damages by chief financial officer Mark Klebe, who was not disclosed as an expert witness in this cause pursuant to FED.R.CIV.P. 26(a)(2)(A), and who did not prepare and sign a report as required by FED.R.CIV.P. 26(a)(2)(B).

D.    Expert opinion offered as to the calculation of Johnco's damages by David Borden, whose methodology in projecting the amount of Johnco's damages is unreliable under the law stated by this Court in the case in that it relies upon sales, including future sales of gravel and sand outside of the Supply Agreement.

4

    E.    Expert opinion offered as to mitigation of Johnco's damages by David Borden, who has indicated that such opinion was dependent upon obtaining discovery relative to Dunn Construction Co., but who has failed to supplement his report with respect to the issue of mitigation after securing said discovery.

    F.    Opinion offered as to Johnco's production ability or capacity by David Borden, who consistently disclaimed in his deposition knowledge of production ability or capacity or that he was giving an opinion as to Johnco's capacity or ability to produce No. 67 gravel in 2006, even while expressing "concerns" and "doubts" about same.

    G.    Expert opinion offered as to the economic viability of Johnco's sand and gravel mining operation by Eugene

       Hartley, whose methodology is unreliable in that Hartley never conducted a financial analysis of Johnco's operation; never reviewed financial documents of Johnco; never conducted a financial analysis of Johnco's crushing operation; never conducted an analysis to determine whether Johnco's operation was profitable; never reviewed receipts and invoices; never examined freight rates for Johnco or competitors; never reviewed pre-purchase drilling reports; never performed screening tests on materials in making a determination of the quality of Johnco's material sold; and who based his opinions on a reading of depositions and his experience.

H.    Testimony by Gary Yelvington as to CYDI's counterclaim damages. Yelvington disclaimed any knowledge of counterclaim damages in his deposition.

        Johnco subsequently propounded a Rule 30(b)(6) notice of deposition as to the matter of CYDI's counterclaim damages, and CYDI propounded Mark Klebe as its Rule 30(b)(6) representative. Mark Klebe in turn states that some of his knowledge as to counterclaim damages is derived from conversations Yelvington may have had with potential customers.

I. Evidence and argument of compromise and offers to compromise, and conduct or statements made in compromise negotiations, in that such evidence or argument would contravene FED.R.EVID. 408.

J. Evidence and argument that plaintiff presented a motion in limine for ruling by the Court, in that defendant ought not be permitted to suggest to the jury by argument or otherwise that the plaintiff has sought

7

to exclude from proof any matter bearing on the issues in this case or the rights of the parties to this suit.

WHEREFORE PREMISES CONSIDERED, plaintiff Johnco Materials, Inc. prays that this motion in limine be granted and that the plaintiff receive such other and further relief to which the plaintiff may be entitled.

Respectfully submitted,

s/ H. Gregory Pearson
H. Gregory Pearson (ASB-4733-S81H)
Attorney For Plaintiff
email: greg@jphj.net

Charles E. Harrison (ASB-9408-N70C)
Attorney For Plaintiff
email: chuck@jphj.net

*OF COUNSEL*:

JUNKIN, PEARSON, HARRISON
    & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

9

## **CERTIFICATE OF SERVICE**

Pursuant to FED.R.CIV.P. 5(e) and the Administrative Procedures For Filing, Signing, And Verifying Pleadings and Documents In The District Court Under the Case Management/Electronic Case Files (CM/ECF) System In Civil Cases [General Order No. 2:04-mc-3164], I do hereby certify that I have electronically filed the foregoing Motion in Limine with the Clerk of the Court by uploading same to the Court's CM/ECF web site at http://www/almd.uscourts.gov, which will send notification of such filing to the following:

>Thomas J. Leek, Esq
>COBB & COLE
>150 Magnolia Avenue
>Post Office Box 2491
>Daytona Beach, FL 32115-2491
>
>George Walker III, Esq.
>David Martin, Esq.
>COPELAND, FRANCO, SCREWS
>  & GILL, P.A.
>444 S. Perry St.
>Montgomery, Alabama 36101-0347

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first-class postage prepaid and affixed this document to the following non-CM/ECF participants:

>[none]

This the 10th day of March 2008.

>*/s/ Charles E. Harrison*
>Charles E. Harrison (ASB-9408-N70C)