# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JOHNCO MATERIALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | 2:06cv993-ID |
| ) | |
| CONRAD YELVINGTON ) | |
| DISTRIBUTORS, INC., ) | |
| ) | |
| Defendant. ) | |

## REPLY TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO CLATUS JUNKIN'S FORMER SERVICE AS A MEMBER OF THE JUDICIARY

Comes now Johnco Materials, Inc. ("Johnco"), the plaintiff in the above-styled cause, and, pursuant to this Court's Order of March 11, 2008 [Doc. 94], replies as follows to Defendant, Conrad Yelvington Distributors, Inc.,[1] Motion In Limine to Exclude References To Clatus Junkin's Former Service As A Member of The Judiciary [Doc. 82].

---

[1] Hereinafter "CYDI."

Clatus Junkin ("Junkin") is the president and chief executive officer of Johnco Materials, Inc. He has been deposed twice in connection with this litigation, and will testify at trial.

CYDI asserts that Junkin "formerly served as a Circuit Judge in Fayette County, Alabama." [Doc. 82, ¶4]. This is incorrect in two respects.

First, from 1977 to 1994 Junkin served as Circuit Judge for the Twenty-Fourth Judicial Circuit, comprising Fayette, Lamar and Pickens Counties, and not merely Fayette County, Alabama.

Second, Junkin is not a "former" judge, as asserted by CYDI's motion. Junkin currently and actively serves in his capacity as retired judge. He is often appointed by the Alabama Administrative Office of Courts to hear cases when local circuit judges are precluded or recused

from doing so. Since 1994 and continuing to the present, Junkin has presided over numerous proceedings throughout the entire State of Alabama, including proceedings in counties in the Middle District.

CYDI argues that "evidence pertaining to Mr. Junkin's service as a judge" is irrelevant under FED.R.EVID. 401 [Doc. 82, ¶7]. CYDI argues further that evidence of Junkin's service as a judge would be "highly prejudicial to CYDI and would tend to confuse the issues and mislead the jury" [Doc. 82, ¶8], in accordance with FED.R.EVID. 403.

### I.     FED.R.EVID. 401:  RELEVANCE

Junkin's service, both active and as retired judge, is relevant to the proceedings. Because a witness' credibility is always at issue when he or she takes the stand, *see* Fed.R.Evid. 104(e),[2] the jury is entitled to know the witness' background and credentials. Occupation and employment is often

---

[2] "This rule does not limit the right of a party to introduce before the jury evidence relevant to weight or credibility."

an important part of this background. Questions to a witness eliciting evidence of his or her background and occupation are in the nature of preliminary questions and may be posed.

In <u>Shepherd v. Gardner Wholesale, Inc.</u>, 288 Ala. 43, 256 So. 2d 877 (1972), for instance, the Alabama Supreme Court held that it was not improper for a witness to testify to his occupation:

> Such a question, while not directly related to relevant matter, may be allowed. Questions to a witness directed toward aiding the jury in setting a proper estimate on the testimony of a witness are preliminary in their nature and, as a general rule, may be properly asked, as, for example, questions which relate to the age of the witness, his residence, *his occupation, and his condition in life.*

256 So. 2d at 879 (emphasis added), citing 98 C.J.S. *Witnesses* § 344, p. 56. The Court in <u>Shepherd</u> cited <u>Lankford v. Tombari</u>, 35 Wash.2d 412, 421, 213 P.2d 627, 632 (1950) for the proposition that "*it is always proper* to establish a witness' background and to place him in his setting by asking

4

him what he is doing and *what he has done for a living.*"  *Id.* at 879 (emphasis added).

Moreover, Junkin's service as a judge in the Twenty-Fourth Judicial Circuit is relevant to explain how he came to own and operate the Whitehall facility in Lowndes County.  The evidence will tend to show that Johnco was conceived and started by P. M. "Pep" Johnston, the former District Attorney for the Twenty-Fourth Judicial Circuit.  It is through Johnston's association as District Attorney with Junkin as Circuit Judge that Johnston and Junkin became acquainted and established a friendship, and ultimately how they became business partners in Johnco.

The relevance of the inquiry is undeniable.  CYDI does not provide this Court with any authority to the contrary, or indeed anything other than a bare bones assertion of the lack of relevance.  This sort of conclusory argument is insufficient to permit exclusion of relevant evidence as a matter of law on a motion in limine.

5

## II.    FED.R.EVID. 803:  UNFAIR PREJUDICE AND CONFUSION

What CYDI is actually arguing is unfair prejudice under FED.R.EVID. 803. Rule 803 states: "Although relevant, evidence may be excluded if its probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence" (emphasis added).

CYDI cannot show that reference or testimony to Junkin's service as a member of the Alabama judiciary will be unfairly prejudicial, or result in confusion of the issues or misleading of the jury.

First, the jury will necessarily hear about Junkin's service as judge during voir dire. Circuit judges preside over civil cases, criminal cases and domestic cases, and make decisions that impact substantially on the lives

of the people appearing before them, and the lives of their families. Circuit judges, for instance, preside over criminal pleas and sentencings; grant divorces and make division of property and awards of custody of children; and preside over civil matters in which substantial damages may be awarded in favor of and against parties.

Junkin has served actively and in an ongoing manner throughout the State of Alabama, including counties located within the Middle District of Alabama. He may well have presided over cases of litigants who might be seated in the jury venire, or cases of close family members. It would be highly and unfairly prejudicial to Johnco *not* to be able to voir dire as to persons appearing before Junkin.[3]

As the matter of Junkin's occupation will necessarily be raised during voir dire, there can be no unfair prejudice from reference to his

---

[3]Moreover, since 1994 Junkin has appeared as counsel in courts of counties located in the Middle District of Alabama, on behalf of clients and adverse to persons or entities located in those counties. Junkin's service as a member of the Alabama judiciary will have come up in connection with those proceedings as well.

service as a member of the Alabama judiciary during testimony. As shown, the inquiry into the background of a witness is always relevant. Because inquiry will have to be made on voir dire, the jury will already be aware of the nature of the testimony and no unfair prejudice inures.

Second, CYDI makes no showing of unfair prejudice. There is again no citation to authority or evidence presented. There is simply the bald, unsupported, conclusory assertion of CYDI that the evidence will be prejudicial or confusing or misleading. CYDI's motion is one completely without substance.

Third, the time-honored tools of the profession are available in mitigation of any prejudice or confusion which might result from admission of the probative testimony of Junkin's background. To the extent any confusion or ambiguity creeps into the testimony, CYDI may cross-examine on the matter. Further, CYDI may request a limiting

instruction from the Court under FED.R.EVID. 105.[4]  Finally, CYDI may request appropriate jury instruction from the Court as to the appropriate burdens and considerations associated with the testimony and credibility of witnesses generally.

Because the evidence of Junkin's service as a member of the Alabama judiciary is relevant, and because it will necessarily be introduced before the jury in voir dire, CYDI cannot show substantial prejudice to an extent that the probative nature of testimony directed to the issue is outweighed.  The motion of CYDI in limine to exclude evidence of Clatus' Junkin's service as judge must be DENIED.

---

[4] "When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

Respectfully submitted,


s/ H. Gregory Pearson
H. Gregory Pearson (ASB-4733-S81H)
Attorney For Plaintiff
email: greg@jphj.net



Charles E. Harrison (ASB-9408-N70C)
Attorney For Plaintiff
email: chuck@jphj.net


*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
   & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

**CERTIFICATE OF SERVICE**

Pursuant to FED.R.CIV.P. 5(e) and the Administrative Procedures For Filing, Signing, And Verifying Pleadings and Documents In The District Court Under the Case Management/Electronic Case Files (CM/ECF) System In Civil Cases [General Order No. 2:04-mc-3164], I do hereby certify that I have electronically filed the foregoing Reply with the Clerk of the Court by uploading same to the Court's CM/ECF web site at http://www/almd.uscourts.gov, which will send notification of such filing to the following:

>Thomas J. Leek, Esq
>COBB & COLE
>150 Magnolia Avenue
>Post Office Box 2491
>Daytona Beach, FL 32115-2491
>
>George Walker III, Esq.
>David Martin, Esq.
>COPELAND, FRANCO, SCREWS
>  & GILL, P.A.
>444 S. Perry St.
>Montgomery, Alabama 36101-0347

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first-class postage prepaid and affixed this document to the following non-CM/ECF participants:

>[none]

This the 17th day of March 2008.

*/s/ Charles E. Harrison*
Charles E. Harrison (ASB-9408-N70C)