IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNCO MATERIALS, INC.,                    CASE NO.: CV-06-2CV993-ID-SRW

Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

Defendant.
_____/

**MEMORANDUM IN RESPONSE**
**TO JOHNCO'S MOTION IN LIMINE AT DOCKET NO. 86**

Pursuant to this Court's Order to Show Cause of March 11, 2008 at Dkt. 93, defendant/counter plaintiff, CONRAD YELVINGTON DISTRIBUTORS, INC (CYDI), responds to the Motion in Limine at Dkt. 86 filed by plaintiff/counter defendant, JOHNCO MATERIALS, INC. (JMI).

Generally, JMI attacks CYDI's affirmative defenses as being "wholly insufficient to constitute an affirmative defense." (See Dkt. 86, p. 6). Specifically, JMI now seeks for the first time to attack the legal sufficiency of CYDI's Third Affirmative Defense relating to prior breach, over one year and three months after it was electronically filed with this court. Specifically, JMI does not assert that prior breach is not a legal defense; rather, JMI asserts that CYDI has not sufficiently pleaded the defense.

Fed.R.Civ.P. 12(f) provides the procedural mechanism for attacking the sufficiency of a pleading, and more specifically the sufficiency of defense as pleaded. Specifically, Rule 12(f) provides that "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of

the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense...."

In the fifteen (15) months that this defense has been at issue, JMI propounded one (1) request for production generally requesting Any and all documents that support, discuss, or relate to allegations, denials, affirmative defenses asserted and/or contained in the Answer or Counterclaim, which have not otherwise been requested or produced." JMI directed no interrogatory nor request for admission[1] toward any claim or defense of CYDI, let alone toward CYDI's Third Affirmative Defense. As such, JMI made no effort to discover the basis of such an affirmative defense through written discovery. Moreover, JMI did not seek summary judgment on any affirmative defense raised by CYDI. Rather, JMI comes now at the eleventh hour and seeks to have this Court strike the affirmative defense through a motion to preclude evidence relating to prior breaches by JMI.

Finally, it is disingenuous of JMI to assert that the defenses as pleaded by CYDI are insufficient when JMI failed to plead a single fact or circumstance to support any one of its fourteen (14) affirmative defenses, which include as a representative example:

> *Third Defense: The plaintiff affirmatively pleads acquiessence and acceptance by defendant of the performance of the plaintiff under the contract.*
>
> *Ninth Defense: The plaintiff affirmatively pleads that the defendant is estopped from recovery.*
>
> *Tenth Defense: The plaintiff affirmative pleads that the claims of the defendant are barred by laches.*
>
> *Twelfth Defense: The plaintiff affirmatively pleads the business judgment rule.*
>
> *Thirteenth Defense: Plaintiff affirmatively pleads duress.*

Discovery on the issues raised in the parties' pleadings has moved forward since the initial disclosures propounded January 15, 2007. JMI now seeks to circumvent Rule 12(f) and the deadline for dispositive motions by attacking the sufficiency with which affirmative defenses raised by CYDI were pleaded. Such claims were waived by CYDI by failing to file a motion to strike within twenty (20) days of the Answer and Affirmative Defenses and by failing to file a dispositive motion within the time permitted by the Court.

**I. EVIDENCE AND ARGUMENT AS TO THE SUPPLY AND AVAILABILITY OF RAIL CARS.**

JMI moves the Court to preclude "any evidence and argument" regarding the supply and availability of rail cars because CYDI did not assert an affirmative defense "that CYDI's performance was burdened by the unavailability or lack of supply of rail cars." JMI further asserts that any evidence regarding the unavailability and lack of supply of rail cars "could only be offered in support of an affirmative defense that CYDI's performance" was so burdened. As such, JMI seeks to preclude any mention whatsoever regarding the availability of rail cars.

CYDI has not and does not affirmatively seek to excuse its performance by asserting that rail cars were unavailable. However, CYDI affirmatively states a defense that the parties course of dealing excuses the performance of certain provisions of the Supply Agreement. (See Answer and Affirmative Defenses at Dkt. 9, Ninth Affirmative Defense). Following JMI's notice to CYDI that it was prepared to ship gravel and with JMI's consent, express or implicit, CYDI scheduled a "test train" to pick up gravel in May, 2006. While the availability and supply of rail cars is not asserted to defeat JMI's claim of breach, it is relevant and necessary to show that JMI and CYDI, through course of dealing, mutually consented to the schedule for the test train in May, 2006. Moreover, CYDI sent

---

[1] JMI propounded no interrogatories or requests for admission in this litigation.

a train to pick up gravel approximately every two (2) weeks beginning in August 2006 and continuing until such time as JMI demanded release from the Supply Agreement and purportedly shut down; a schedule to which JMI consented, either expressly or implicitly, and one born of the availability and supply of rail cars.

Thus, the availability and supply of rail cars is necessary to prove that the schedule of trains into Johnco was that to which the parties consented and agreed through course of dealing, either express or implied. Therefore, a complete ban of evidence regarding the availability and supply of rail cars is unnecessary, and unfairly limits CYDI's ability to present evidence supporting its Ninth Affirmative Defense.

## II.   EVIDENCE AND ARUGMENT AS TO ANY DELAY IN CONSTRUCTION OF THE WHITEHALL FACILITY.

JMI moves the Court to preclude "all evidence" regarding the "alleged delay in construction of the Whitehall sand and gravel mining facility" because CYDI did not assert an affirmative defense presumably that CYDI's performance under the Supply Agreement was excused because of JMI's admitted failure to timely construct the facility. As such, JMI seeks to preclude any mention whatsoever regarding JMI's inability to construct Johnco as provided under the Supply Agreement. Here again, JMI mistakenly concludes that such evidence is only relevant to a defense of avoidance of performance, when in fact CYDI does not now, and has not ever, sought to avoid performance under the Supply Agreement.

Again, CYDI affirmatively states a defense that the parties course of dealing explains the performance of the parties under the Supply Agreement. (See Answer and Affirmative Defenses at Dkt. 9, Ninth Affirmative Defense). The testimony of Gary Yelvington cited by JMI in its Brief in Support of Motion in Limine (Dkt. 87, p. 9) makes precisely this point: "Yelvington testified that CYDI was 'trying to work with' Johnco despite any delay: 'We were working with them any way we

could to try and get this thing started out properly.'" It is also undisputed that CYDI offered to assist JMI by financing and/or providing material to build the rail loop necessary to load the trains. . The record in this case replete with evidence that CYDI was working with JMI to help them make the operation a success, where such efforts continued well past such time CYDI could have cancelled the contract for JMI's failure to timely construct the facility.

While JMI's motivation to keep such evidence from a jury is apparent, its legal rationale for doing so is flawed. CYDI stated a course of dealing affirmative defense and intends to demonstrate that the parties course of dealing explains and supplements the parties' performance under the Supply Agreement. Evidence of CYDI's waiver of JMI's obligation to construct a mining facility within the time specified in the Supply Agreement demonstrates such course of dealing between the parties.

**III.    EXPERT OPINION AS TO CYDI'S COUNTERCLAIM DAMAGES BY CHIEF FINANCIAL OFFICER, MARK KLEBE.**

JMI argues that CYDI Chief Financial Officer should not be permitted to offer expert testimony on the issue of the damages suffered by CYDI's as the result of JMI's breach of the Supply Agreement, and correctly asserts that CYDI does not offer Mr. Klebe as an expert in this case. It bears repeating: CYDI does not offer Mr. Klebe as an expert in this case. However, JMI's assertion that Mr. Klebe may not offer opinion evidence on damages because he was never disclosed as expert overlooks Fed.R.Evid. 701 and the body of case law permitting a party to offer evidence of its own damages.

A claim that testimony consists of opinion testimony does not render it inadmissible. *SEC v. Texas Gulf Sulphur Co.*, 446 F.2d 1301, 1305 (2[d] Cir.), cert. denied, 404 U.S. 1005, 92 S.Ct. 561 (1971). A lay witness in a federal court proceeding is permitted under Fed.R.Evid. 701 to offer an opinion on the basis of relevant historical or narrative facts that the witness perceived. *Teen-Ed, Inc.*

*v. Kimball International, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980). "The essential difference difference [between a lay witness and an expert] is that qualified expert may answer hypothetical questions. Thus, an expert witness may not only testify from 'facts or data ... perceived by' him, but also from what is 'made known to him at or before the hearing.' A projection of lost profits based on evidence of record regarding decreased sales of a certain product may not accurately be characterized as 'hypothetical'". *Id.* at 404. Fed.R.Evid. 701 provides that non expert witness may offer testimony in the form of opinions or inferences where those opinions or inferences are: a) rationally based on the perception of the witness, b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

In *Teen-Ed*, the Third Circuit vacated a judgment and remanded for a new trial because the testimony of the company's CPA and bookkeeper were excluded where the district court determined that the proffered testimony on lost profits was expert testimony, and neither the CPA nor bookkeeper had been previously identified as an expert. *Teen-Ed*, 620 F.2d at 404. Specifically, Teen-Ed sought to prove damages by showing lost profits, and offered it's licensed CPA who had served as the company's accountant since 1978 and prepared the company's tax returns. The proffered testimony was a comparison of the company's gross sales reduced by the company's variable costs to determine net profit. The district court determined that these calculations necessarily involved expressions of opinions, and found that the company failed to comply with Rule 702 and the pre-trial order regarding the disclosure of expert witnesses. *Id.* at 402-03.

The Third Circuit noted that the district court and both parties failed to distinguish between opinion testimony which may be introduced by lay witnesses and that which requires experts. "The modern trend favors the admission of opinion testimony, provided that it is well founded on personal

knowledge and susceptible to specific cross examination. ... The expression of opinions or inferences by a lay witness is permitted because of the qualification of Rule 701(a) that the factual predicate of the testimony be within the witness's perception." *Id.* at 403.

Turning to the facts of *Teen-Ed*, the Third Circuit found that the personal knowledge of appellant's balance sheets acquired by the CPA as its accountant "was clearly sufficient under Rule 602 to qualify him as a witness eligible under Rule 701 to testify to his opinion of how lost profits could be calculated and to inferences that he could draw from his perception of Teen-Ed's books." The fact that the CPA may also have been able to qualify as an expert witness on the use of accepted accounting principles in the calculation of business losses should not have prevented his testifying on the basis of his knowledge of appellant's records and calculation of lost profits from the data therein. *Id.* at 403.

Courts throughout the country routinely find that an owner/officer of a company has the personal knowledge of their own business sufficient to offer opinion testimony on profits lost by the company as a result of another party's actions. *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 362 (5th Cir. 2002) (allowing corporation's director of risk management to testify as to lost profits due to his particularized knowledge about the company's underlying accounts); *see also Lightening Lube, Inc. v. Witco Corp..* 4 F.3d 1153, 1175 (3d Cir. 1993) (allowing Rule 701 testimony by the owner of a corporation as to the amount of lost profits); *In re Merritt Logan, Inc.*, 901 F.2d 349, 359 (3d. Cir. 1990) (allowing Rule 701 testimony by the principal shareholder of the plaintiff concerning that company's lost profits); *Teen-Ed, Inc. v. Kimball International, Inc.*, 620 F.2d 399, 403 (3d. Cir. 1980) (allowing testimony by the plaintiff's accountant and bookkeeper regarding lost profits); *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 265 (2d Cir. 1995) (A[A] president of a company ... has 'personal knowledge of his business ... sufficient to make ... him

eligible under Rule 701 to testify as to how lost profits could be calculated'").

In *Merrit Logan*, the Third Circuit Court of Appeals found that the principal shareholder of the corporation did not need to be qualified as an expert witness under Rule 702, and had sufficient knowledge of the company to testify about the company's lost profits. It further found that a man hired to survey a site for the location of a grocery store had sufficient experience and knowledge to offer opinion testimony under Rule 701 as to the survey. *Merritt Logan*, 901 F.2d at 359-360.

Here, JMI seeks to exclude the opinion testimony of Mr. Klebe, CYDI's long time Chief Financial Officer and a CPA, because he was not previously disclosed as an expert witness by CYDI. However, Mr. Klebe's personal knowledge of financial aspects of CYDI's operation acquired by him as its CFO is sufficient under Rule 602 to qualify him as a witness eligible under Rule 701 to testify to his opinion of how lost profits could be calculated and to inferences that he could draw from his perception of CYDI's books. The fact that the he may also have been able to qualify as an expert witness on the use of accepted accounting principles in the calculation of business losses is inapposite. As such, JMI's motion should be denied on these grounds.

## IV.    EXPERT OPINION OFFERED AS TO THE CALCULATION OF JOHNCO'S DAMAGES BY DAVID BORDEN.

In Section IV of JMI''s Brief in Support of Motion in Limine, JMI attacks the expert testimony of David Borden specifically attacking his methodology because Mr. Borden used the same methodology to refute JMI's expert's calculation of damages as was used by JMI's expert, Les Alexander. JMI now asserts that Mr. Borden's methodology is not reliable. To support its claim, JMI expressly refers the Court to it's Daubert Motion filed separately. CYDI, likewise, incorporates its response to JMI's separately filed Daubert Motion filed contemporaneously herewith.

## V.    EXPERT OPINION OFFERED AS TO MITIGATION OF JOHNCO'S DAMAGES BY DAVID BORDEN.

JMI attacks Mr. Borden's opinion that JMI's expert, Mr. Alexander, inappropriately failed to consider the effect of JMI's continued operation of the mine[2] in calculating the purported damages to JMI, i.e., mitigation of damages. Specifically, JMI seeks to preclude any opinion by Mr. Borden "as to Johnco's alleged failure to mitigate damages at trial." This, however, misstates Mr. Borden's opinion.

The specific opinion at issue is:

JMI has the ability to produce either #67 or #57 gravel at its mining facility in Lowndes County. Further, JMI resumed mining operations in April 2007, and around June 2007, JMI began producing #57 gravel. JMI is currently having the #57 gravel tested by a potential buyer, Dunn Construction, for use in asphalt production. Yet Alexander fails to consider this potential mitigating impact as well as any other reasonable mitigating efforts that JMI could undertake.

The basis of this opinion is Mr. Alexander's report and the opinion is as true today as it was when originally propounded. Mr. Alexander failed to consider JMI's ability to mitigate it's damages.

Because JMI is in fact selling gravel to Dunn Construction presently, JMI asserts that Mr. Borden should have supplemented his report as to account for the gravel being sold to Dunn Construction. This misconstrues the nature of Mr. Borden's opinion. Mr. Borden attacks Mr. Alexander's calculation of damages as unreliable because Alexander failed to consider the effect of selling gravel to Dunn Construction, and others. Mr. Borden does not need to see how much gravel JMI is now selling to Dunn to opine that Mr. Alexander should have considered what effect such mitigation efforts have on his calculation of JMI's damages. As such, JMI's motion to preclude such opinion should be denied.

## VI.    EXPERT OPINION OFFERED ABOUT JOHNCO'S PRODUCTION CAPACITY BY DAVE BORDEN.

---

[2] Despite allegations in the complaint to the contrary, it was learned through discovery that JMI never ceased operations, but rather temporarily ceased the production of gravel for a couple of months at the end of 2006. All other JMI functions continued.

{034542-058 : TLEEK/TLEEK : 00547502.DOC; 1}

JMI next seeks to preclude Mr. Borden's purported opinion regarding JMI's ability to produce gravel. However, JMI also acknowledges that Mr. Borden expressly "disclaimed that he was offering any opinion testimony as Johnco's production capacity...." In fact, Mr. Borden assumed JMI could produce sufficient gravel to meet its 150,000 ton obligation under the Supply Agreement, as pointed out by JMI in its motion. Here again, JMI attempts to preclude expert opinion testimony that it acknowledges is not being offered. The purpose of doing so is unclear. As such, JMI's Motion in Limine should be denied as moot.

## VII.  EXPERT OPINION OFFERED AS TO THE ECONOMIC VIABILITY OF JOHNCO'S OPERATION BY EUGENE HARTLEY.

Once again, JMI refers the Court to its separately filed Motion in Limine under Rule 702 in support of its argument that such expert opinion should be precluded. Similarly, CYDI incorporates herein its response to JMI's separately filed Motion in Limine under Rule 702.

## VIII.  TESTIMONY BY GARY YELVINGTON AS TO CYDI'S COUNTERCLAIM DAMAGES.

JMI seeks to preclude "any testimony" from Gary Yelvington as to the damages suffered by CYDI as the result JMI's decision not to ship any more gravel to CYDI in October, 2006. Specifically, JMI refers to the testimony of CYDI's Fed.R.Civ.P. 30(b)(6) damages designee, Mark Klebe, whereby Klebe states that the methodology used by him to derive the component of his calculation relating to the annual margin of contribution relied on CYDI market information provided to him by Gary Yelvington and Phillip Holaday.[3]

---

[3] The precise testimony of CYID's Rule 30(b)(6) designee that is challenged by JMI is:

27

```
18      Q.    And I understand that.
19            If you would, and I know
20   you've explained it generally, but talk me
21   through the methodology that you went
```

{034542-058 : TLEEK/TLEEK : 00547502.DOC; 1}

22  through within your company to come up
23  with -- I understand where you came up with

28

1  the hundred and eighteen thousand tons
2  shortfall in the first year; you've
3  explained where that came from.
4            Explain again the methodology
5  of how you came to that annual margin of
6  contribution number of five dollars and
7  sixty-eight cents a ton, which you talked
8  about having conversations with your sales
9  people and those kind of things.  Take me
10  through that if you would.
11      A.    Well, we looked back
12  through -- We can just start with each of
13  the items.  We looked at our projected sales
14  items.  You understand we have a number of
15  locations throughout the panhandle.  We know
16  that customers exist near our facilities in
17  each of these locations within the
18  panhandle.  So we took this projection, you
19  know, the three locations that we felt
20  currently, meaning basically in 2007, that
21  we could now move this material to in our
22  best and optimum margin of contribution for
23  us.

29

1      Q.    And let me interrupt you.  You
2  say we, and when you say we, who are you
3  referring to?  I mean, are you talking about
4  Yelvington, the company, and the people that
5  work there that would be involved in the
6  sales of these things?  Who is we?
7      A.    We have a number of people
8  within Yelvington.  It was kind of a
9  collective thought.  It would be through
10  some who you have previously talked to,
11  Philip Holladay who knows the market out
12  here; it could be through discussions with
13  Gary Yelvington, who you've previously
14  talked to, all who have knowledge of the
15  market.
16      Q.    Did you talk to these people
17  to come up with these numbers?
18      A.    Yes.
19      Q.    Who else did you talk to?
20      A.    In terms of the sales volume?
21      Q.    Correct.
22      A.    No one.
23      Q.    Earlier, you had mentioned you

30

JMI asks this Court to preclude any such testimony because: 1) CYDI did not supplement its Rule 26 computation of damages; 2) Gary Yelvington disclaimed specific knowledge of CYDI's damages at his July 5, 2007 deposition, but subsequently provided information to CYDI's Rule 30(b)(6) designee that was relied upon to determine a component of the ultimate damage calculation; and 3) JMI did not take the Rule 30(b)(6) designee's deposition until "days prior to the expiration of the discovery cutoff...."  CYDI addresses the arguments below.

On February 22, 2007, JMI first noticed the depositions of Gary Yelvington, Mark Klebe, and Philip Holaday without specifying a date, time or location.  Each deponent was noticed in their individual capacity.  At the same time, JMI noticed a Rule 30(b)(6) deposition also without specifying a date, time or location, on eight (8) specific issues, none of which related to CYDI's damages asserted in the counterclaim.  Subsequently, upon agreement of the parties, the depositions

---

```
 1  had discussions with your sales people.  Is
 2  that different than Gary and Phillip?
 3      A.   No.
 4      Q.   That is Gary and Phillip?
 5      A.   In this instance, yes.
 6      Q.   And when I say Gary and
 7  Phillip, for purposes of a clean record,
 8  we're talking about Gary Yelvington, the
 9  president of the company, and Phillip
10  Holladay who is an employee of the company,
11  though I'm not exactly sure what his title
12  is.
13      A.   He is the business manager of
14  our Gulf Coast region.
15      Q.   And is it your understanding
16  that those people got their information
17  about the market and what would be available
18  for the purposes of Yelvington selling No.
19  67 gravel, they got their knowledge from
20  talking to potential customers?
21      A.   That's a question you'd have
22  to ask them.
23      Q.   Okay, but you're the one
                       31
 1  that's been put up here to tell me.  So do
 2  you assume that that's how they got their
 3  information?
```

were set for July 5, 2007, and JMI renoticed the same with the date, time and location specified. (See Notices of Deposition attached hereto as Composite Exhibit A).

As noted by JMI, the parties agreed at the July 5, 2007 depositions that CYDI would produce a Rule 30(b)(6) witness regarding the damages suffered by CYDI as sought in its counterclaim upon the receipt of proper notice.  On August 9, 2007, JMI propounded its Rule 30(b)(6) deposition notice directed toward the damages suffered by CYDI.  Such notice did not specify a date, time or location of the deposition.  (See Deposition Notice attached as Exhibit B)  To accommodate the various schedules involved, the deposition of CYDI's Rule 30(b)(6) designee and its proffered experts would take place on consecutive days, and by agreement of the parties CYDI would bring Mr. Klebe to Montgomery, Alabama for the deposition.  The depositions were scheduled for and took place on December 20 and 21, 2007.[4]

JMI implies that it was unfairly prejudiced in discovering the damages asserted by CYDI as a result of JMI's breach of the Supply Agreement, but it does not expressly assert this.  To do so would be inappropriate because JMI had ample opportunity to discover such damages in a timely fashion. JMI did not request that CYDI produce a witness to testify regarding its damages in its notice of deposition in July, 2007. When this was pointed out to JMI at the depositions, the parties agreed that CYDI would provide Mark Klebe to testify as to damages pursuant to a properly noticed Rule 30(b)(6) deposition. A month later, JMI propound such a notice but chose not to specify a date, time or location for the deposition. When the date of the deposition was chosen, it was chosen to accommodate all parties and witnesses, including JMI.

JMI asserts that Gary Yelvington should be precluded from offering "any testimony"

---

4    A.    I would assume so.
[4] JMI does not, nor could it, assert that CYDI prevented or inhibited it from taking the deposition of its Rule 30(b)(6) designee in any way.

{034542-058 : TLEEK/TLEEK : 00547502.DOC; 1}

regarding CYDI's damages. While Mr. Yelvington is not offered to prove CYDI's damages, the scope of JMI's request is so broad as to require that CYDI challenge the assertion. The market price paid by CYDI for No. 67 gravel is a fact within the personal knowledge of Mr. Yelvington who determines and maintains such information in his corporate capacity with CYDI. That Mr. Klebe relied upon such information in preparing CYDI's damage calculation is consistent with a party's duty to present and prepare a Rule 30(b)(6) designee as to positions of the company and matters beyond those personally known to the designee. *Continental Casualty Company v. Compass Bank*, No. CA-04-0766-KD-C, 2006 WL 533510, at *19 (S.D. Ala. March 3, 2006) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 150-51 (S.D.N.Y. 1997)).5

The testimony of Mr. Yelvington at the July 5, 2007 deposition was limited to his knowledge in his individual capacity pursuant to the deposition notice, and the Rule 30(b)(6) notice propounded by JMI did not request that CYDI produce someone to testify as to its damages. Nevertheless, CYDI agreed to produce a damages designee upon proper notice. Moreover, JMI's counsel recognized that he could "reconvene" for the purposes of taking Mr. Yelvington's deposition if at some point in time in the future Mr. Yelvington had information regarding CYDI's damages, but JMI apparently chose not to do so.

JMI apparently asserts that Mr. Klebe's methodology is flawed because he relied upon CYDI's market analysis in formulating one of the components of his damages calculation rather than gathering the information personally. However, not only is a Rule 30(b)(6) deponent permitted to rely upon information provided to him, a party is duty bound to prepare such designees so that they may give knowledgable and binding answers for the corporation beyond matters personally known

---

5 In support of its holding, *Continental Casualty Co.* cites cases providing that a party designating a Rule 30(b)(6) witness "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. The testimony elicited at the Rule 30(b)(6) deposition represents knowledge of the corporation, not of the individual deponents. *Id.* at *19.

to the designee and matters in which the designee was personally involved. *Continental Casualty Co.*, 2006 WL 533510 at *18.

Finally, JMI asserts that Mr. Yelvington should not be permitted to testify as to damages because CYDI should be sanctioned for its failure to supplement its Rule 26 disclosures as it said it would do in the initial disclosure. CYDI acknowledges that it overlooked its stated desire to supplement its initial disclosures, but believes that such oversight was harmless. In fact, JMI does not argue that it was harmed by the oversight.

Pursuant to Fed.R.Civ.P. 37, a party failing to supplement its disclosure may be sanctioned by being prohibited from offering the information at trial, "unless the failure was substantially justified or is harmless." Here, JMI fails to make any argument that it was somehow harmed by CYDI's failure to supplement, and overlooks the parties' agreement to provide information relating to CYDI's damages pursuant to a Rule 30(b)(6) deposition. While CYDI cannot say that it consciously opted not to supplement it Rule 26 disclosures as a result of the parties' agreement, the affect of the parties' agreement is to make such failure harmless and substantially justifies CYDI's actions. Moreover, any prejudice suffered by JMI was the result of its chosen course of litigation, and not CYDI's failure to supplement.

## IX.    EVIDENCE OF COMPROMISE AND OFFERS TO COMPROMISE.

Finally, JMI moves prospectively for an order requiring the parties to adhere to Fed.R.Evid. 408 regarding offers to compromise. JMI does not, however, assert that any anticipated testimony or proffered exhibit by the parties violates this Rule. Thus, it appears JMI seeks to have the Court enter an order requiring the parties to follow the rule that they are required to follow. The issue is not ripe, and the Court should deny the motion on those grounds. That said, CYDI agrees to adhere Rule 408, and the rest of the Federal Rules of Evidence.

Wherefore, CYDI respectfully requests that this Court deny JMI's motion in limine in its entirety.

Cobb Cole

/s/ Thomas J. Leek_____
THOMAS J. LEEK
FLA. BAR NO. 0116408
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone:  (386) 255-8171
Facsimile:   (386) 323-9255
E-mail: Tom.Leek@CobbCole.com
CO-COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants and served by U.S Mail and Electronic Mail a copy of the foregoing on the following non-CM/ECF participants:

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

J. David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL  36101

_____/s/ Thomas J. Leek_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOHNCO MATERIALS, INC.,            )
                                   )
        Plaintiff,                 )
                                   )        Civil Action No.
vs.                                )        2:06cv993-ID
                                   )
CONRAD YELVINGTON                  )
DISTRIBUTORS, INC.,                )
                                   )
        Defendant.                 )

## RE-NOTICE OF TAKING DEPOSITION
## UPON ORAL EXAMINATION

TO:     Thomas J. Leek, Esq.
        COBB & COLE
        Post Office Box 2491
        Daytona Beach, FL 32115-2491

Please take notice that the plaintiff will take the deposition of **GARY YELVINGTON** upon oral examination pursuant to FED.R.CIV.P. 28, 30, and 32, for the purpose of discovery or for use as evidence in the action, or for both purposes. The oral examination shall continue from time to time thereafter until completed.

PLACE OF EXAMINATION. Said deposition will be taken at the office of Cobb & Cole, 150 Magnolia Avenue, Daytona Beach, Florida 32115-2491.

TIME OF EXAMINATION. Said deposition to be taken on Thursday, July 5, 2007, commencing at 9 o'clock a.m. EST, and from time to time thereafter as said deposition may be continued for completion.

**PERSON BEFORE WHOM TAKEN.**  Said deposition shall be taken before court reporters, Volusia Court Reporting, 432 South Beach Street, Daytona Beach, Florida, 32114, or other officer duly authorized by law to take depositions.

This the 11th day of June 2007.

s/ H. Gregory Pearson
H. Gregory Pearson (PEA017)

Charles E. Harrison (ASB-9408-N70C)

*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
   & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

2

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to LR 5.4, this is to certify that I have this day served counsel for the parties in the foregoing matter with a copy of the foregoing document, by personal delivery or by depositing in an envelope in the United States Mail, properly addressed and first class postage prepaid to the following:

Charles A. Stewart III, Esq.
Angela R. Rogers, Esq.
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery Alabama 36104

Thomas J. Leek, Esq
COBB & COLE
150 Mognolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491

This the 11th day of June 2007.

Charles E. Harrison (ASB-9408-N70C)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOHNCO MATERIALS, INC.,          )
                                 )
         Plaintiff,              )
                                 )
vs.                              )      Civil Action No.
                                 )      2:06cv993-ID
                                 )
CONRAD YELVINGTON                )
DISTRIBUTORS, INC.,              )
                                 )
         Defendant.              )

## NOTICE OF TAKING DEPOSITION
## UPON ORAL EXAMINATION

TO:      Thomas J. Leek, Esq.
         COBB & COLE
         Post Office Box 2491
         Daytona Beach, FL 32115-2491

Please take notice that the plaintiff will take the deposition of **MARK KLEBE** upon oral examination pursuant to FED.R.CIV.P. 28, 30, and 32, for the purpose of discovery or for use as evidence in the action, or for both purposes. The oral examination shall continue from time to time thereafter until completed.

PLACE OF EXAMINATION. Said deposition will be taken at the office of Cobb & Cole, 150 Magnolia Avenue, Daytona Beach, Florida 32115-2491.

TIME OF EXAMINATION. Said deposition to be taken on Thursday, July 5, 2007, commencing immediately after the deposition of GARY YELVINGTON, and from time to time thereafter as said deposition may be continued for completion.

**PERSON BEFORE WHOM TAKEN.** Said deposition shall be taken before court reporters, Volusia Court Reporting, 432 South Beach Street, Daytona Beach, Florida, 32114, or other officer duly authorized by law to take depositions.

This the 11th day of June 2007.

s/ H. Gregory Pearson
H. Gregory Pearson (PEA017)

Charles E. Harrison (ASB-9408-N70C)

*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
& JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

2

## CERTIFICATE OF SERVICE

Pursuant to LR 5.4, this is to certify that I have this day served counsel for the parties in the foregoing matter with a copy of the foregoing document, by personal delivery or by depositing in an envelope in the United States Mail, properly addressed and first class postage prepaid to the following:

> Charles A. Stewart III, Esq.
> Angela R. Rogers, Esq.
> BRADLEY ARANT ROSE & WHITE LLP
> The Alabama Center for Commerce
> 401 Adams Avenue, Suite 780
> Montgomery Alabama 36104
>
> Thomas J. Leek, Esq
> COBB & COLE
> 150 Mognolia Avenue
> Post Office Box 2491
> Daytona Beach, FL 32115-2491

This the 11th day of June 2007.

Charles E. Harrison (ASB-9408-N70C)

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOHNCO MATERIALS, INC.,        )
                               )
        Plaintiff,             )
                               )        Civil Action No.
vs.                            )        2:06cv993-ID
                               )
CONRAD YELVINGTON              )
DISTRIBUTORS, INC.,            )
                               )
        Defendant.             )


## RE-NOTICE OF TAKING DEPOSITION
## UPON ORAL EXAMINATION


TO:     Thomas J. Leek, Esq.
        COBB & COLE
        Post Office Box 2491
        Daytona Beach, FL 32115-2491

Please take notice that the plaintiff will take the deposition of **PHILIP HOLLADAY** upon oral examination pursuant to FED.R.CIV.P. 28, 30, and 32, for the purpose of discovery or for use as evidence in the action, or for both purposes. The oral examination shall continue from time to time thereafter until completed.

PLACE OF EXAMINATION. Said deposition will be taken at the office of Cobb & Cole, 150 Magnolia Avenue, Daytona Beach, Florida 32115-2491.

TIME OF EXAMINATION. Said deposition to be taken on Friday, July 6, 2007, commencing at 9 o'clock a.m. EST, and from time to time thereafter as said deposition may be continued for completion.

**PERSON BEFORE WHOM TAKEN.**  Said deposition shall be taken before court reporters, Volusia Court Reporting, 432 South Beach Street, Daytona Beach, Florida, 32114, or other officer duly authorized by law to take depositions.

This the 11th day of June 2007.

s/ H. Gregory Pearson
H. Gregory Pearson (PEA017)

Charles E. Harrison (ASB-9408-N70C)


*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
  & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

2

## CERTIFICATE OF SERVICE

Pursuant to LR 5.4, this is to certify that I have this day served counsel for the parties in the foregoing matter with a copy of the foregoing document, by personal delivery or by depositing in an envelope in the United States Mail, properly addressed and first class postage prepaid to the following:

> Charles A. Stewart III, Esq.
> Angela R. Rogers, Esq.
> BRADLEY ARANT ROSE & WHITE LLP
> The Alabama Center for Commerce
> 401 Adams Avenue, Suite 780
> Montgomery Alabama 36104
>
> Thomas J. Leek, Esq
> COBB & COLE
> 150 Mognolia Avenue
> Post Office Box 2491
> Daytona Beach, FL 32115-2491

This the 11th day of June 2007.

Charles E. Harrison (ASB-9408-N70C)

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOHNCO MATERIALS, INC.,     )
     )
    Plaintiff,     )
     )    Civil Action No.
vs.     )    2:06cv993-ID
     )
CONRAD YELVINGTON     )
DISTRIBUTORS, INC.,     )
     )
    Defendant.     )

## RE-NOTICE OF TAKING DEPOSITION
## UPON ORAL EXAMINATION
## PURSUANT TO FED.R.CIV.P. 30(b)(5) AND (6)

TO:     Thomas J. Leek, Esq.
     COBB & COLE
     Post Office Box 2491
     Daytona Beach, FL 32115-2491

Please take notice that the plaintiff will take the deposition of deposition of the corporate representative(s) of **CONRAD YELVINGTON DISTRIBUTORS, INC.,** upon oral examination pursuant to FED.R.CIV.P. 28, 30, and 32, for the purpose of discovery or for use as evidence in the action, or for both purposes. The oral examination shall continue from time to time thereafter until completed.

**TOPICS OF EXAMINATION.** Pursuant to FED.R.CIV.P. 30(b)(6), said corporation "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf" as to the matters on which examination is requested. The matters on which examination of the corporation is requested are as follows:

1.    Contractual or other relationships between the parties identified in this case.

2.    Testimony and documents related to transactions with the plaintiff.

3.    The corporation's dealings with the plaintiff.

4.    Materials conveyed or shipped by or to the corporation.

5.    All those matters which may touch and concern the allegations of the complaint in this case.

6.    All those matters which may touch and concern any defense asserted to the complaint in this case.

7.    All matters included in those documents which were identified by the defendant in its initial disclosure under Fed.R.Civ.P. 26(a).

8.    Any statements of any person pertaining to the matters alleged in the complaint.

**PLACE OF EXAMINATION.** Said deposition will be taken at the office of Cobb & Cole, 150 Magnolia Avenue, Daytona Beach, Florida 32115-2491.

**TIME OF EXAMINATION.** Said deposition to be taken on Friday, July 6, 2007, commencing immediately after the deposition of PHILIP HOLLADAY, and from time to time thereafter as said deposition may be continued for completion.

**PERSON BEFORE WHOM TAKEN.** Said deposition shall be taken before court reporters, Volusia Court Reporting, 432 South Beach Street, Daytona Beach, Florida, 32114, or other officer duly authorized by law to take depositions.

This the 11th day of June 2007.

s/ H. Gregory Pearson
H. Gregory Pearson (PEA017)

Charles E. Harrison (ASB-9408-N70C)


*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
   & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

3

## CERTIFICATE OF SERVICE

Pursuant to LR 5.4, this is to certify that I have this day served counsel for the parties in the foregoing matter with a copy of the foregoing document, by personal delivery or by depositing in an envelope in the United States Mail, properly addressed and first class postage prepaid to the following:

> Charles A. Stewart III, Esq.
> Angela R. Rogers, Esq.
> BRADLEY ARANT ROSE & WHITE LLP
> The Alabama Center for Commerce
> 401 Adams Avenue, Suite 780
> Montgomery Alabama 36104
>
> Thomas J. Leek, Esq
> COBB & COLE
> 150 Mognolia Avenue
> Post Office Box 2491
> Daytona Beach, FL 32115-2491

This the 11th day of June 2007.

Charles E. Harrison (ASB-9408-N70C)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOHNCO MATERIALS, INC.,            )
                                   )
        Plaintiff,                 )
                                   )        Civil Action No.
vs.                                )        2:06cv993-ID
                                   )
CONRAD YELVINGTON                  )
DISTRIBUTORS, INC.,                )
                                   )
        Defendant.                 )

## NOTICE OF TAKING DEPOSITION
## UPON ORAL EXAMINATION

TO:        Thomas J. Leek, Esq.
           COBB & COLE
           Post Office Box 2491
           Daytona Beach, FL 32115-2491

        Please take notice that the plaintiff will take the deposition of
**GARY YELVINGTON** upon oral examination pursuant to FED.R.CIV.P.
28, 30, and 32, for the purpose of discovery or for use as evidence in the
action, or for both purposes.  The oral examination shall continue from
time to time thereafter until completed.

        **PLACE OF EXAMINATION.**  Said deposition will be taken at a place
to be mutually agreed upon by counsel for the plaintiff and for the
defendant.

**TIME OF EXAMINATION.**  Said deposition to be taken on a date and at a time to be mutually agreed upon by counsel for the plaintiff and for the defendant, and from time to time thereafter as said deposition may be continued for completion.

**PERSON BEFORE WHOM TAKEN.**  Said deposition shall be taken before court reporters to be mutually agreed upon by counsel for the plaintiff and for the defendant.

This the 22nd day of February 2007.


s/ H. Gregory Pearson
H. Gregory Pearson (PEA017)


Charles E. Harrison (ASB-9408-N70C)


*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
    & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JOHNCO MATERIALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **vs.** | ) | **2:06cv993-ID** |
| | ) | |
| **CONRAD YELVINGTON** | ) | |
| **DISTRIBUTORS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF TAKING DEPOSITION
## UPON ORAL EXAMINATION

TO:      Thomas J. Leek, Esq.
         COBB & COLE
         Post Office Box 2491
         Daytona Beach, FL 32115-2491

Please take notice that the plaintiff will take the deposition of **PHILLIP HOLIDAY** upon oral examination pursuant to FED.R.CIV.P. 28, 30, and 32, for the purpose of discovery or for use as evidence in the action, or for both purposes. The oral examination shall continue from time to time thereafter until completed.

**PLACE OF EXAMINATION.** Said deposition will be taken at a place to be mutually agreed upon by counsel for the plaintiff and for the defendant.

## CERTIFICATE OF SERVICE

Pursuant to LR 5.4, I do hereby certify that I have on this the 22nd day of February 2007 served a copy of the foregoing Notice on:

> Charles A. Stewart III, Esq.
> Angela R. Rogers, Esq.
> BRADLEY ARANT ROSE & WHITE LLP
> The Alabama Center for Commerce
> 401 Adams Avenue, Suite 780
> Montgomery Alabama 36104
>
> Thomas J. Leek, Esq
> COBB & COLE
> 150 Mognolia Avenue
> Post Office Box 2491
> Daytona Beach, FL 32115-2491

who are registered with this Court as Filing Users, by electronically filing a copy of said document through the Court's transmission facilities in the manner authorized by the Court's General Order regarding Electronic Case Filing Policies and Procedures.

Charles E. Harrison (ASB-9408-N70C)

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOHNCO MATERIALS, INC.,          )
                                 )
        Plaintiff,               )
                                 )
vs.                              )     Civil Action No.
                                 )     2:06cv993-ID
                                 )
CONRAD YELVINGTON                )
DISTRIBUTORS, INC.,              )
                                 )
        Defendant.               )

## NOTICE OF TAKING DEPOSITION
## UPON ORAL EXAMINATION
## PURSUANT TO FED.R.CIV.P. 30(b)(5) AND (6)

TO:        Thomas J. Leek, Esq.
           COBB & COLE
           Post Office Box 2491
           Daytona Beach, FL 32115-2491

Please take notice that the plaintiff will take the deposition of deposition of the corporate representative(s) of **CONRAD YELVINGTON DISTRIBUTORS, INC.,** upon oral examination pursuant to FED.R.CIV.P. 28, 30, and 32, for the purpose of discovery or for use as evidence in the action, or for both purposes. The oral examination shall continue from time to time thereafter until completed.

**TOPICS OF EXAMINATION.** Pursuant to FED.R.CIV.P. 30(b)(6), said corporation "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf" as to the matters on which examination is requested. The matters on which examination of the corporation is requested are as follows:

1.    Contractual or other relationships between the parties identified in this case.

2.    Testimony and documents related to transactions with the plaintiff.

3.    The corporation's dealings with the plaintiff.

4.    Materials conveyed or shipped by or to the corporation.

5.    All those matters which may touch and concern the allegations of the complaint in this case.

6.    All those matters which may touch and concern any defense asserted to the complaint in this case.

7.    All matters included in those documents which were identified by the defendant in its initial disclosure under Fed.R.Civ.P. 26(a).

8.    Any statements of any person pertaining to the matters alleged in the complaint.

2

**PLACE OF EXAMINATION.** Said deposition will be taken at a place to be mutually agreed upon by counsel for the plaintiff and for the defendant.

**TIME OF EXAMINATION.** Said deposition to be taken on a date and at a time to be mutually agreed upon by counsel for the plaintiff and for the defendant, and from time to time thereafter as said deposition may be continued for completion.

**PERSON BEFORE WHOM TAKEN.** Said deposition shall be taken before court reporters to be mutually agreed upon by counsel for the plaintiff and for the defendant.

This the 22nd day of February 2007.

s/ H. Gregory Pearson
H. Gregory Pearson (PEA017)

Charles E. Harrison (ASB-9408-N70C)

*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
& JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

3

## CERTIFICATE OF SERVICE

Pursuant to LR 5.4, I do hereby certify that I have on this the 22nd day of February 2007 served a copy of the foregoing Notice on:

Charles A. Stewart III, Esq.
Angela R. Rogers, Esq.
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery Alabama 36104

Thomas J. Leek, Esq
COBB & COLE
150 Mognolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491

who are registered with this Court as Filing Users, by electronically filing a copy of said document through the Court's transmission facilities in the manner authorized by the Court's General Order regarding Electronic Case Filing Policies and Procedures.

Charles E. Harrison (ASB-9408-N70C)

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JOHNCO MATERIALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **vs.** | ) | **2:06cv993-ID** |
| | ) | |
| **CONRAD YELVINGTON** | ) | |
| **DISTRIBUTORS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF TAKING DEPOSITION
## UPON ORAL EXAMINATION
## PURSUANT TO FED.R.CIV.P. 30(b)(5) AND (6)

**TO:**     **Thomas J. Leek, Esq.**
**COBB & COLE**
**Post Office Box 2491**
**Daytona Beach, FL 32115-2491**

Please take notice that the plaintiff will take the deposition of deposition of the corporate representative(s) of **CONRAD YELVINGTON DISTRIBUTORS, INC.,** upon oral examination pursuant to FED.R.CIV.P. 28, 30, and 32, for the purpose of discovery or for use as evidence in the action, or for both purposes. The oral examination shall continue from time to time thereafter until completed.

**TOPICS OF EXAMINATION.** Pursuant to FED.R.CIV.P. 30(b)(6), said corporation "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf" as to the matters on which examination is requested. The matters on which examination of the corporation is requested are as follows:

1.   All those matters which may touch and concern the allegations of the counterclaim in this case, or the reply to the counterclaim.

2.   All matters pertaining to quantum of damages claimed by the defendant under the counterclaim.

**PLACE OF EXAMINATION.** Said deposition will be taken at a place to be mutually agreed upon by counsel for the plaintiff and for the defendant.

**TIME OF EXAMINATION.** Said deposition to be taken on a date and at a time to be mutually agreed upon by counsel for the plaintiff and for the defendant, and from time to time thereafter as said deposition may be continued for completion.

**PERSON BEFORE WHOM TAKEN.** Said deposition shall be taken before court reporters to be mutually agreed upon by counsel for the plaintiff and for the defendant.

**DOCUMENTS TO BE PRODUCED.** The plaintiff requests pursuant to FED.R.CIV.P. 30(b)(5) that the defendant produce the following documents at the time of the deposition:

2

1.      Any and all documents that evidence, relate or pertain to any statements, sworn or otherwise, by any person or entity relating in any manner to the allegations raised in the Counterclaim.

2.      Any and all documents that evidence, support, or relate to the damages sought or claimed by the defendant in the Counterclaim.

3.      Any and all documents relating to the ordering or scheduling of any locomotive, train, hopper, gondola or other railway car by the defendant at any time after September 25, 2006, for purposes of transporting gravel or other material from the plaintiff's Whitehall facility.

4.      Any communications, including emails, between Philip Holladay and/or Jean Norton and/or Mark Klebe and/or Gary Yelvington relating to the ordering or scheduling of any locomotive, train, hopper, gondola or other railway car by the defendant at any time after September 25, 2006, for purposes of transporting gravel or other material from the plaintiff's Whitehall facility.

5.      Any and all documents pertaining to any purchase of No. 67 gravel by the defendant at any time after April 1, 2002 from Elmore Sand & Gravel, and/or Martin-Marietta, and/or The Concrete Company, and/or Wade Sand & Gravel, as testified by Gary Yelvington in his deposition of June 5, 2007.

6.      Any and all documents pertaining to the purchase of any materials by the defendant and/or re-sale of materials to defendant's customers, which the defendant contends constitutes or relates to the defendant's attempt to "cover" under the Alabama Uniform Commercial Code in any way.

7.      Any and documents pertaining to the transportation, storage, warehousing or retention by the defendant of any material purchased by defendant from the plaintiff under the Supply Agreement.

3

8.    Any and documents pertaining to the sale, conveyance or transportation to any of defendant's customers of any material purchased by defendant from the plaintiff under the Supply Agreement.

9.    Any and all contracts, invoices, bills of lading or shipment, payments and or other documents pertaining to the sale, re-sale, transportation or conveyance of No. 67 gravel from the defendant to any end-user or customer from July 1, 2002 through and including the present.

10.    All correspondence, communications, letters, emails, notices and other documents from defendant's customers stating, alleging, avering or giving notice to the defendant of any alleged or purported breach for failure to deliver, transport, sell or convey No. 67 gravel at any time after April 28, 2004.

11.    Any schedules, spreadsheets, or exhibits prepared in support of deponent's expected testimony related to damages.

12.    Any invoices, schedules, spreadsheets, exhibits or other documents reviewed by deponent in preparation for testimony related to damages.

This the 9th day of August 2007.


s/ H. Gregory Pearson
H. Gregory Pearson (PEA017)


Charles E. Harrison (ASB-9408-N70C)

4

*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
    & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

## **CERTIFICATE OF SERVICE**

Pursuant to LR 5.4, I do hereby certify that I have on this the 9th day of August 2007 served a copy of the foregoing Notice on:

        Charles A. Stewart III, Esq.
        Angela R. Rogers, Esq.
        BRADLEY ARANT ROSE & WHITE LLP
        The Alabama Center for Commerce
        401 Adams Avenue, Suite 780
        Montgomery Alabama 36104

        Thomas J. Leek, Esq
        COBB & COLE
        150 Mognolia Avenue
        Post Office Box 2491
        Daytona Beach, FL 32115-2491

who are registered with this Court as Filing Users, by electronically filing a copy of said document through the Court's transmission facilities in the manner authorized by the Court's General Order regarding Electronic Case Filing Policies and Procedures.

                                       _Charles E. Harrison_
                        Charles E. Harrison (ASB-9408-N70C)