## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JOHNCO MATERIALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **vs.** | ) | **2:06cv993-ID** |
| | ) | |
| **CONRAD YELVINGTON** | ) | |
| **DISTRIBUTORS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

Comes now Johnco Materials, Inc. ("Johnco"), the plaintiff in the above-styled cause, and, pursuant to FED.R.CIV.P. 51(a)(1) and this Court's Order on Pretrial Hearing [Doc. 77, p. 10], request that this Honorable Court instruct the jury on the law as set forth in the following written requests, to be given at the conclusion of the evidence in this cause.

**<u>Plaintiff's Requested Instruction No. 1</u>**

**1**
**Introduction**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this  case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

2

**<u>Plaintiff's Requested Instruction No. 2</u>**

**2.2**
**Consideration of the Evidence**
**Duty to Follow Instructions**
**Corporate Party Involved**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that corporations are involved as parties must not affect your decision in any way. Corporations and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the

3

scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in

arriving at your decision concerning the facts. It is your own recollection

and interpretation of the evidence that controls.

<u>**Plaintiff's Requested Instruction No. 3**</u>

**3**
**Credibility of Witnesses**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did

the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**Plaintiff's Requested Instruction No. 4**

**4.1**
**Impeachment of Witnesses**
**Inconsistent Statement**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the

8

significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## **Plaintiff's Requested Instruction No. 5**

**5.1
Expert Witnesses;
General Instruction**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

10

**Plaintiff's Requested Instruction No. 6**

**6.2**
**Burden of Proof**
**When there are Multiple Claims or**
**When Both Plaintiff and Defendant**
**or Third Parties have Burden of Proof**

**BASIC INSTRUCTIONS**
(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the

11

exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

<u>**Plaintiff's Requested Instruction No. 7**</u>

**7.2**
**Duty To Deliberate**
**When Both Plaintiff And Defendant Claim**
**Damages Or When Damages Are Not An Issue**

**BASIC INSTRUCTIONS**
**(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).**

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case

over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**<u>Plaintiff's Requested Instruction No. 8</u>**

**10.12**
**Alabama Pattern Jury Instructions, Civil, Second Edition**
**Action for Breach - Elements**

The plaintiff in this action, Johnco, sues the defendant, Yelvington, for breach of contract.

The elements of Johnco's action for breach of contract are:

1.    Existence of a contract between Johnco and Yelvington.

2.    Performance by Johnco.

3.    Yelvington's failure to perform.

4.    Resulting damage to Johnco.

15

**Plaintiff's Requested Instruction No. 9**

**10.13**
**Alabama Pattern Jury Instructions, Civil, Second Edition**
**Issues - Contract Admitted - Counterclaim**

In this action Johnco claims damages of Yelvington as the result of a breach of a contract, the Supply Agreement, entered into by Johnco and Yelvington on April 16, 2004, whereby Johnco agreed to construct and operate a mining facility to supply Yelvington with No. 67 gravel and in return alleges Yelvington agreed to purchase 5,200 tons of No. 67 gravel per week and a minimum of 150,000 tons of No. 67 gravel per year.

Johnco contends that it performed its part of the Supply Agreement but that Yelvington breached the Supply Agreement, in that Yelvington failed to order, pick-up, and pay for 5,200 tons of No. 67 gravel per week and a minimum of 150,000 tons of No. 67 gravel per year. Johnco alleges it was damaged as a result of the alleged breach.

Yelvington admits entering into the Supply Agreement with Johnco,

16

but in defense of Johnco's claim contends that Johnco should not recover. I will separately instruct you with respect to Yelvington's affirmative defenses.

Yelvington has filed a counter claim against Johnco whereby Yelvington seeks damages from Johnco as a result of an alleged breach of the Supply Agreement on the part of Johnco. Yelvington contends that Johnco agreed in the Supply Agreement to supply the defendant with 5,200 tons of No. 67 gravel per week and a minimum of 150,000 tons of No. 67 gravel per year. Yelvington contends that Johnco breached the Supply Agreement by failing to deliver the minimum amount of No. 67 gravel. Yelvington alleges that it was damaged as a result of the alleged breach.

The contract being admitted by both parties it will be your duty to determine from the evidence whether either party breached the Supply Agreement and if so the amount of damages, if any, suffered by the other party as a result thereof.

## Plaintiff's Requested Instruction No. 10

**10.17**
**Damages - General Rule**
**Alabama Pattern Jury Instructions, Civil, Second Edition**

Damages for the breach of a contract is that sum which would place the injured party in the same condition it would have occupied if the contract had not been breached.

## Plaintiff's Requested Instruction No. 11

**10.32**
**Alabama Pattern Jury Instructions, Civil, Second Edition**
**Time for Performance**

When an act is required to be performed under the terms of a contract and no definite time is prescribed for its performance, the law requires it to be done within a reasonable time**.**

What is a reasonable time for and act to be performed depends upon the nature of the act to be performed and all the circumstances relating to that act. Whether an act was or was not performed in a reasonable time is a question of fact to be determined by you.

19

## Plaintiff's Requested Instruction No. 12

**11.22**
**Alabama Pattern Jury Instructions, Civil, Second Edition**
**Speculative**

In awarding damages in any case your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

**<u>Plaintiff's Requested Instruction No. 13</u>**

**11.28**
**Alabama Pattern Jury Instructions, Civil, Second Edition**
**Breach of Contract (Damages)**

Damages recoverable for the breach of a contract are such as are the natural and proximate consequences of the breach, and such as may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made.

21

## Plaintiff's Requested Instruction No. 14

### 11.38
### Alabama Pattern Jury Instructions, Civil, Second Edition
### Loss of Profits - New or Unestablished Business

Johnco claims of Yelvington damages for loss of profits for the disruption or discontinuance of Johnco's (new)(unestablished) business as a proximate result of the alleged wrongs committed by Yelvington.

To recover for lost profits, the burden of proof is on Johnco to prove with reasonable certainty the amount of such damages and further prove to your reasonable satisfaction that such damages are proximate results of the alleged wrongs.

Proof to a reasonable certainty means that Johnco has to produce evidence to provide a basis upon which you can, with reasonable certainty, calculate the amount of the alleged lost profits arising as a proximate result of Yelvington's  alleged wrongful conduct during the period of the disruption or discontinuance of the Johnco's business.

22

## Plaintiff's Requested Instruction No. 15

### Risk of Uncertainty for Lost Profits
### (Non-Pattern)

In determining whether the amount of lost profits for a new business has been proven with reasonable certainty, the breaching party is not to receive the benefit of the inability to calculate damages with exactness and precision. It will be sufficient if the amount of damages is proven using just and reasonable inferences, even though the results may be approximate. The risk of uncertainty should be placed upon the breaching party rather than upon the non-breaching party.

***Source:***     Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 563, 75 L.Ed. 544, 51 S. Ct. 248, 250-51 (1931).

<u>**Plaintiff's Requested Instruction No. 16**</u>

**8**
**Election Of Foreperson**
**Explanation Of Verdict Form(s)**

**BASIC INSTRUCTIONS**
**(Eleventh Circuit, Pattern Jury Instructions (Civil Cases) 2005).**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

*[Explain verdict-complete once verdict form finalized]*

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

24

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**Plaintiff's Requested Instruction No. 17**

**37.00**
**Alabama Pattern Jury Instructions, Civil, Second Edition**
**Introduction - Forms of Verdict**

Ladies and gentlemen of the Jury, for your convenience, the court has prepared for your use in this case forms of verdict which will be explained to you. No inferences are to be drawn by you from the fact that the court has supplied you with these forms, or from the order in which the court read them to you. When you have reached a verdict you will select and complete the form which corresponds to your verdict and which is to be signed by your foreman. All _____ of you must agree on any verdict which you return to the court.

26

## Plaintiff's Requested Instruction No. 18

### 37.01
### Alabama Pattern Jury Instructions, Civil, Second Edition
### Quotient Verdict

The court instructs you that it would be improper, in arriving at your verdict, for you to agree to be bound beforehand, for each juror to assess the damages separately, total the _____ separate figures, then divide the total by _____ to arrive at your verdict. This is known as a quotient verdict and is illegal.

## Plaintiff's Requested Instruction No. 19

**37.03**
**Alabama Pattern Jury Instructions, Civil, Second Edition**
**One Plaintiff - One Defendant - Counterclaim**

### Plaintiff's Verdict

If, after a full and fair consideration of all the evidence you are reasonable satisfied therefrom that the plaintiff is entitled to recover against the defendant and that the defendant is not entitled to recover against the plaintiff on the counterclaim, then you should use the form of verdict which reads:

"We, the Jury, find for the plaintiff and against the defendant and assess the plaintiff's damages at _____ dollars ($_____).

We further find in favor of the plaintiff and against the defendant on the counterclaim.

_____
Foreman - Forewoman"

Fill in the Blank spaces both in words and figures the amount arrived at by you.

28

**Defendant's Verdict on Counterclaim**

If, after a full and fair consideration of all the evidence, you are reasonably satisfied therefrom that the plaintiff is not entitled to recover against the defendant, but that the defendant is entitled to recover against the plaintiff on the counterclaim, then you should use the form of verdict which reads:

"We, the Jury, find in favor of the defendant on the counterclaim and assess the defendant's damages at _____ dollars ($_____).

We further find in favor of the defendant on the plaintiff's claim.

_____
Foreman - Forewoman"

**Verdict in the Event Neither Party is Entitled to Recover**

If, after a full and fair consideration of all the evidence you are reasonably satisfied therefrom that neither party is entitled to recover against the other party, then you should use the form of verdict which reads:

"We, the Jury, find in favor of the defendant on the plaintiff's claim and further find in favor of the plaintiff on the defendant's claim; it being our verdict that neither recover against the other.

_____
Foreman - Forewoman"

30

Respectfully submitted,


s/ H. Gregory Pearson
H. Gregory Pearson (ASB-4733-S81H)
Attorney For Plaintiff
email: greg@jphj.net


Charles E. Harrison (ASB-9408-N70C)
Attorney For Plaintiff
email: chuck@jphj.net


*OF COUNSEL:*

JUNKIN, PEARSON, HARRISON
    & JUNKIN, L.L.C.
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
Telephone: (205) 366-0111
Telecopier: (205) 391-4780

31

## CERTIFICATE OF SERVICE

Pursuant to FED.R.CIV.P. 5(e) and the Administrative Procedures For Filing, Signing, And Verifying Pleadings and Documents In The District Court Under the Case Management/Electronic Case Files (CM/ECF) System In Civil Cases [General Order No. 2:04-mc-3164], I do hereby certify that I have electronically filed the foregoing Plaintiff's Requested Jury Instructions with the Clerk of the Court by uploading same to the Court's CM/ECF web site at http://www/almd.uscourts.gov, which will send notification of such filing to the following:

> Thomas J. Leek, Esq
> COBB & COLE
> 150 Magnolia Avenue
> Post Office Box 2491
> Daytona Beach, FL 32115-2491
>
> George Walker III, Esq.
> David Martin, Esq.
> COPELAND, FRANCO, SCREWS
>   & GILL, P.A.
> 444 S. Perry St.
> Montgomery, Alabama 36101-0347

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first-class postage prepaid and affixed this document to the following non-CM/ECF participants:

> [none]

This the 7th day of December 2007.

_Charles E. Harrison_

Charles E. Harrison (ASB-9408-N70C)

32