IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNCO MATERIALS, INC.,   CASE NO.: CV-06-2CV993-ID-SRW

Plaintiff,

vs.

CONRAD YELVINGTON
DISTRIBUTORS, INC.,

Defendant.
_____/

**DEFENDANTS' REBUTTAL DEPOSITION DESIGNATIONS AND OBJECTIONS TO PLAINTIFF'S RESPONSIVE DEPOSITION DESIGNATIONS**

Pursuant to this Paragraph 10 of the Court's Uniform Scheduling Order of January 12, 1007 (Dkt. No. 15; the "Order")), defendant/counter plaintiff, CONRAD YELVINGTON DISTRIBUTORS, INC identifies the following deposition excerpts in rebuttal to the plaintiff's responsive deposition designations and sets forth the following objections to plaintiff's responsive deposition designations:

**Deposition of James Benjamin Johnston taken July 24, 2007:**

**1.   Rebuttal Deposition Excerpts**

16:15-21; 92:3-11

**2.   Objections to Responsive Designations**

Page/Line
Reference      Objection

8:17 -9:2        Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial
10:20-11:10   deposition designation pursuant to the Order.
12:15-13:6

33:22-34:11   Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial
                      deposition designation pursuant to the Order; testimony is not relevant pursuant to

|  |  |
|---|---|
|  | Fed.R.Evid. 401, 402. |
| 42:17-43:5 | Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402. |
| 45:20-46:14 | Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402; 46:14 is the first line of a four-line question and is objectionable as it is incomplete and does not include the response to the question. |
| 48:1-49:5, 49:14-18 | Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; 48:9-49:18 is speculative and not based on personal knowledge of the deponent. |
| 52:18-53:1, 85:8-87:2, 90:7-90:21 | Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order. |

**Deposition of Presley Morgan Johnston taken July 24, 2007:**

**1.    Rebuttal Deposition Excerpts**

22:16-19; 27:13-20; 37:21-23; 49:1-4; 117:16-118:8; 153:1-23; 178:16-179:2

**2.    Objections to Responsive Designations**

| Page/Line Reference | Objection |
|---|---|
| 8:8–9:14 | Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402. |
| 10:9-22 | Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402; 10:9-13 is speculative and not based on personal knowledge of the deponent. |
| 8:8–9:14, 13:12-20, 14:2-7 | Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402. |
| 30:9-31:21, 33:8-34:12, 38:1-23, | Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402. |

39:4-15

55:1-57:3      Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402; 55:1-6 contains only a part of the question asked and is objectionable as it is incomplete.

62:1-23        Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402; For lines 62:1-16, the portion of the answer after the first complete sentence should be stricken as non-responsive to the question.

63:16-64:11    The portion of the answer after the first complete sentence should be stricken as non-responsive.

66:1-23        Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402; 66:20-23 contains only a part of the answer to the question asked and is objectionable as it is incomplete.

70:22-71:7     The entire answer should be stricken as non-responsive to the question asked.

76:2-7         The entire answer should be stricken as non-responsive to the question asked.

76:14-18       The portion of the answer after the first complete sentence should be stricken as non-responsive.

112:1-5        Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402.

151:20-23      Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony pertains to exhibits that are inadmissible hearsay (Fed.R.Evid. 801) not subject to any exception; 152:21-23 contains only a question and not the related answer and is objectionable as it is incomplete.

158:22-159:1   The testimony should be stricken to the extent it is speculative or not based on the personal knowledge of the witness.

159:2-9        Testimony is inadmissible hearsay (Fed.R.Evid. 801) not subject to any exception.

163:7-14       Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order; testimony is not relevant pursuant to Fed.R.Evid. 401, 402.

177:8-178:2   Improper responsive designation pursuant to Fed.R.Civ.P. 32(a)(4); untimely initial deposition designation pursuant to the Order.

181:14-182:15 Testimony is speculative and not based on the personal knowledge of the witness; testimony is an inadmissible opinion of a lay witness as to the legal interpretation of the meaning of terms of the parties' Supply Agreement; answer should be stricken as non-responsive to the question; testimony is inadmissible hearsay (Fed.R.Evid. 801) not subject to any exception.

        Respectfully submitted,

        Cobb Cole

        /s/ Thomas J. Leek
        THOMAS J. LEEK
        FLA. BAR NO. 0116408
        150 Magnolia Avenue
        Post Office Box 2491
        Daytona Beach, FL 32115-2491
        Telephone:  (386) 255-8171
        Facsimile:   (386) 323-9255
        E-mail: Tom.Leek@CobbCole.com
        CO-COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 20th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants and served by U.S Mail and Electronic Mail a copy of the foregoing on the following non-CM/ECF participants:

H. Gregory Pearson, Esquire
Charles E. Harrison, Esquire
Junkin, Pearson, Harrison, & Junkin, L.L.C.
601 Greensboro Avenue
Suite 600, Alston Place
Tuscaloosa, AL 35401

J. David Martin, Esquire
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL  36101

                                                ____/s/ Thomas J. Leek_____